# LOUISA K. MILLER, Respondent, v. SABASTIAN KLEIN et al., Appellants.

### St. Louis Court of Appeals, November 4, 1913.

1. **PLEADING:** Sufficiency of Petition: Aider by Judgment. When a petition is not assailed in the trial court and its insufficiency is urged, for the first time, in the appellate court, every reasonable inference will be indulged in its favor, and if merely by reasonable inference and fair intendment, it impliedly states a cause of action, it will be held good after, and sufficient to support, a judgment.

2. **BUILDING RESTRICTIONS:** Action to Enjoin Violation: Pleading: Sufficiency of Petition. In an action to enjoin the erection of a flat or apartment building, in violation of restrictions imposed upon the property, *held* that the petition, either expressly or by reasonable intendment, alleged all the facts necessary to constitute a cause of action.

3. ———: Persons Bound: Conveyances. A grantee of lots is charged with knowledge of, and is bound by, building restrictions contained in the recorded deed to his grantor.

4. ———: **Persons Entitled to Enjoin Violation.** A party owning property which is subject to building restrictions may enjoin another owner of property which is subject to the same restrictions, from violating the same, regardless of whether or not he is substantially injured by the violation.

5. ———: **Justification for Violation.** The fact that a lot on which a restrictive building covenant imposed by deed, forbidding the erection of apartment houses, would be more valuable when used for apartment houses than for single residences, would not justify the violation of such covenant.

6. ———: **Enjoining Violation: Estoppel.** A property owner is not estopped from maintaining an action to enjoin the violation of a building convenant by another owner, by the erection of an apartment house on his lot, on the ground that other apartment houses had been erected on adjoining property, unless he had actual knowledge of the erection of the other structures contrary to the restrictions; and even then mere silence and inaction would not work an estoppel, unless it would amount to fraud.

7. ———: **Persons Bound: Conveyances.** Building restrictions, such as one prohibiting the erection of an apartment house, are equitable easements which run with the land.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer,* Judge.

AFFIRMED.

*Seddon & Holland* for appellants.

(1)   The plaintiff states no cause of action in her petition. (a)   She relies solely on the restrictions contained in the deed from West End Realty Company to November Investment Company of July 25, 1907.   She does not state that this deed or any other deed containing restrictions was recorded or that the defendant, at the time he purchased his property had any kind of notice of that deed, or any other deed, or of the existence of any restrictions in favor of any one, on the property.   (b)   The plaintiff does not state that the parties to the deed of July 25, 1907, intended the restrictions on it for the benefit of the plaintiff's

lot nor does she state any plan or other fact from which such intention might be inferred. (c) She does not state that, if there was such intention, the defendant, when he purchased his property, had any notice of such intention or of the fact, if any, that any restrictions existed on the property in favor of the plaintiff's lot. Nor does she state that the defendant, at the time he purchased his property, had any notice of any plan or other fact from which such intention or such right of the plaintiff might be inferred. De Gray v. Club, 50 N. J. Eq. 529; Coughlin v. Barker, 46 Mo. App. 54; Fete v. Foerstel, 159 Mo. App. 75, 139; Meriwether v. Joy, 85 Mo. App. 634; Doerr v. Cobbs, 146 Mo. App. 342; Curtis v. Rubin, 244 Ill. 88; Dana v. Wentworth, 111 Mass. 291; Jewell v. Hill, 14 Ala. 145; Havs v. Church, 196 Ill. 633. (2) Admitting the sufficiency of the petition to state a cause of action and referring to the evidence, which is contained in an agreed statement of facts, we submit that the evidence does not show any restrictions existing against defendant's property in favor of the plaintiff's property. The deed of July 25, 1907, on which the plaintiff solely relies, shows on its face no intention of the parties that the restrictions contained in it should inure to her benefit, and the "agreed statement of facts" states no evidence or facts extraneous to the deed from which such an intention might have been inferred by the defendant, when he purchased his property. The deeds shown in the statement of facts which had been made prior to defendant's purchase, show no definite plan or scheme from which such intention might have been inferred by the defendant at the time he purchased his property, admitting that he had notice of such deeds, which is not shown either in the pleadings or evidence. Doerr v. Cobbs, 146 Mo. App. 341. (3) The only evidence of such plan or scheme is the statement of the answer, which may be taken as an admission that the West

End Realty Company had a general plan or scheme to restrict all of the lots in "Washington Heights" against flats and apartments. The evidence does not show that the defendant when he purchased his property had knowledge, or any notice, actual or constructive, of said plan or scheme and the answer does not admit or show such notice. (4) If there is any evidence in the record of a plan or scheme of West End Realty Company, the owners of "Washington Heights" from which notice could have been inferred by the defendant (if he knew of the plan), that his property when he purchased it, was incumbered with a negative easement in favor of the plaintiff's lot, restricting it against flats and apartments, such plan was that stated in the answer, to so restrict every lot in the place in favor of every other lot. (5) Building restrictions which are created to effectuate a general plan or scheme of improvement and which are reasonable when made, become unreasonable, when the circumstances under which they were laid have become so changed without the fault of either party, as to defeat to all intents and purposes the very end and purposes for which they were laid, and which were intended to be effectuated by them. The circumstances have so changed in this case that to enforce the restrictions claimed, entirely reasonable when made, would now be grossly inequitable. Columbia v. Thatcher, 87 N. Y. 311; High on Injunctions, Sec. 1158; Sayers v. Collier, 24 Ch. Div. 180; Frink v. Hughes, 133 Mich. 63; McClure v. Leafycraft, 183 N. Y. 36; Bedford v. British Museum, 2 Milne & K. 552; Coughlin v. Barker, 46 Mo. App. 54. (6) Restrictions laid in pursuance of a general plan or scheme from which alone they are inferred, are so inferred because they are a necessary part of the plan. They are conditioned by the plan and are only intended *sub modo,* viz., if the plan can be made effective. If before the plan can be substantially carried out, from causes over

which the defendant has no control, the plan as contemplated becomes abortive and fails to all intents and purposes, so that it cannot in substance be carried out as intended, the plan fails, and with it the restrictions fail. In truth they never take effect except conditionally. In the case at bar, the plan, if any, was defeated by the foreclosure of the deed of trust by the Missouri Lincoln Trust Company and cannot now be realized. In this case the right, if any, of the plaintiff is to preserve and protect the plan. The plan having failed she can have no right remaining to protect it and perpetuate it. Coughlin v. Barker, 46 Mo. App. 54, 77.

*Bishop & Cobbs, S. C. Rogers* and *W. S. Connor* for respondent.

(1) Defendant's objection to the petition cannot be sustained: (a) Because it is raised here for the first time and come "too late to deserve very favorable consideration." Ice & Cold Storage Co. v. Kuhlman, 238 Mo. 685; Goldsmith v. St. Louis Candy Co., 85 Mo. App. 595; State *ex rel.* v. Delaney, 122 Mo. App. 239; Dodge v. Coal & C. Co., 115 Mo. App. 501; Ball v. Neosho, 109 Mo. App. 683; Donaldson v. County of Butler, 98 Mo. 163. (b) Because the petition states a cause of action, even without the aid of the answer, stipulation and judgment. Section 1836, R. S. 1909; Sections 2809 & 10, R. S. 1909; King v. St. Louis Union Tr. Co., 226 Mo. 351; Meriwether v. Joy, 85 Mo. App. 634. (c) Because, if there were any defects in the petition, they have been cured by the answer, the agreed statement of facts, and the judgment. Section 2119, R. S. 1909, Sub. div. 5th, 8th & 9th; 31 Cyc. 763 to 769; Wagner v. Benefit Society, 70 Mo. App. 161; Grove v. City of Kansas, 75 Mo. 672; Hurst v. City of Ash Grove, 96 Mo. 168; Young v. Shickle H. & H. I. Co., 103 Mo. 324; Ball v. Neosho, 109 Mo. App. 683; Broybill v. Norton, 175 Mo. 190; Donaldson v.

County of Butler, 98 Mo. 163; Garth v. Caldwell, 72 Mo. 622; Jackson v. Powell, 110 Mo. App. 249. (d) Because the court will not reverse the case, on such an objection, where justice has been done. Sec. 1850, R. S. 1909; Sec. 1865, R. S. 1909; Sec. 2082, R. S. 1909; Malone v. Fidelity and Casualty Co., 71 Mo. App. 1; Murphy v. Ins. Co., 70 Mo. App. 78; Alter v. Frick, 62 Mo. App. 453. (2) The defendant's lots were burdened with the restrictions in favor of the plaintiff's lot and in favor of all other lots covered by deed from West End Realty to November Investment Company, and defendant knew it. (a) Because defendant purchased his lot directly from the November Investment Company and expressly "subject to the restrictions." (b) Because the restrictions in themselves show that they were intended as a burden on each lot for the benefit of each other lot covered by that deed. King v. Union Trust Co., 226 Mo. 351; Hall v. Wesster, 7 Mo. App. 56; Litchfield v. Boogher, 238 Mo. 472. (3) There is no evidence that there ever was a general scheme to restrict all of the lots in "Washington Heights." (a) Because, all of the lots were deeded, without restrictions, to a trustee as security for certain notes. (b) Because the plat of "Washington Heights" contained no mention of restrictions. (c) Because some lots were released from the deed of trust and conveyed without restrictions. (d) Because the restrictions are not the same on all the lots which were restricted. (e) Because the deed of the West End Realty Company to the November Investment Company shows no scheme whatever, except the scheme, therein contained, to restrict certain of the lots covered by that deed in a particular way, for a definite time and for the benefit of the grantees of any of said lots. (4) Circumstances have not so changed as to render the restrictions inequitable. Changed conditions, in order to justify a court in declaring covenant restrictions no longer enforcible, must be: (a)

Such as could not have been anticipated or foreseen by defendant (which is not the case here). (b) Such as are within and actually destroy the scheme of improvement contemplated by the restrictions themselves. Changes in the property outside of that scheme (as here), can not be used as a defense. (c) Such as render it absolutely unconscionable to enforce the restrictions. No such changes have been shown in this case. Spahr v. Cape, 143 Mo. App. 114; Improvement Co. v. Strauch, 162 Mo. App. 76; Fete v. Foerstel, 159 Mo. App. 75. (5) Under the decisions of this court, upholding building restrictions, the judgment in this case should be affirmed. (a) The court looks with favor upon such a plan. Noel v. Hill, 158 Mo. App. 426; Kitchen v. Hawley, 150 Mo. App. 497. (b) The overwhelming weight of authority upholds plaintiff. Hall v. Wesster, 7 Mo. App. 56; Spahr v. Cape, 143 Mo. App. 114; Meriwether v. Joy, 85 Mo. App. 634; St. Louis Safe Dep. Bank v. Kennett, 101 Mo. App. 370; Sanders v. Dixon, 114 Mo. App. 229; Godfrey v. Hampton, 148 Mo. App. 157; Fete v. Foerstel, 159 Mo. App. 75; Improvement Co. v. Strauch, 162 Mo. App. 76; Litchfield v. Boogher, 238, Mo. 472; King v. St. Louis Union Tr. Co., 226 Mo. 351. (c) None of the cases are really against plaintiff. Coughlin v. Barker, 46 Mo. App. 54; Doerr v. Cobbs, 146 Mo. App. 342.

ALLEN, J.—This is a suit to enjoin the defendants from erecting what is known as flats or apartment buildings upon certain parcels of land in the city of St. Louis, upon the ground that the same would be in violation of certain restrictions imposed by deed upon the use thereof. Defendant Klein is the owner of the land in question, and the defendant Robinson had contracted with his co-defendant, Klein, to erect thereupon, for the latter, buildings of the character mentioned. Plaintiff is the owner of a lot of ground

in the vicinity of that of defendant Klein, subject to the same restrictions and imposed by the same deed as those affecting the property of defendant Klein, and upon which she has erected a residence. The court below found the issues in favor of plaintiff and entered a decree perpetually enjoining the defendants from erecting the buildings in question; from which judgment the defendants prosecute this appeal.

It appears that in the year 1905 the West End Realty Company, a corporation, owned a tract of land in the city of St. Louis, bounded on the north by Delmar avenue, a street of said city, on the east by the River Des Peres and the right-of-way of the Wabash Railroad Company, on the south by the right-of-way of the St. Louis, Kansas City & Colorado Railway Company, and on the west by Skinker road, another street of said city. Said property was then unrestricted, and the said West End Realty Company, on December 1, 1905, conveyed the same, without restrictions, by deed of trust to the Missouri Lincoln Trust Company, a corporation, to secure the payment of certain notes. This deed of trust contained a provision for the release of lots in said tract, upon sales thereof being made by the owner of the equity of redemption.

On January 9, 1907, the West End Realty Company filed in the office of the recorder of deeds of the city of St. Louis a plat to the above described property, in which the same was designated as "Washington Heights," and also described as being city blocks numbered from 5415 to 5428, inclusive, of the city of St. Louis. Such plat contained nothing showing restrictions, beyond a building line. As so platted, the said tract of land, or subdivision, is intersected by but one street extending north and south, to-wit, Rosedale avenue, and by the following streets extending east and west, mentioned in their order from north to south, to-wit: Washington avenue, Westminster place,

Kingsbury avenue, McPherson avenue, Waterman avenue, and Berlin avenue.

After the execution of the deed of trust aforesaid, the West End Realty Company, at various dates prior to March 21, 1908, conveyed certain lots in this tract, the aforesaid Trust Company executing releases thereto. These various lots were conveyed under deeds differing much in form. Some of the lots, chiefly upon the edges of the tract, were conveyed without restrictions of any kind, but it appears that the bulk of the property fronting on Washington avenue, Westminster place, Kingsbury avenue and McPherson avenue, and lying west of Rosedale avenue, was sold with restrictions against the building of flats.

On July 25, 1907, the West End Realty Company conveyed to the November Investment Company a number of lots, amounting in all to about one hundred, located and fronting on Washington avenue, Westminster place, Kingsbury avenue, McPherson avenue, Waterman avenue and Berlin avenue. The deed by which the November Investment Company acquired these lots provided that the same were conveyed subject to the following restrictions:

"No business house shall be erected on any of said lots, nor shall any flats or apartments be erected on any of said lots, and only one residence shall be erected on any one lot, and no residence shall be erected on any of said lots to cost less than as follows, to wit: On lots fronting on Washington avenue, $4000; on lots fronting on Westminster place $4500; on lots fronting on Kingsbury and McPherson avenue, $5000; and on lots fronting Waterman avenue, $5500; but it is expressly covenanted that none of the foregoing restrictions shall apply to any lot located on Berlin avenue, and also subject to the established 'building line' as is recorded with the recorder of the city of St. Louis, said established 'building line' to apply to all real estate

conveyed hereunder, but all of the foregoing restrictions shall expire and be of no force and effect after the first day of January, 1923.''

On March 21, 1908, the above mentioned deed of trust was foreclosed, and under such foreclosure a transfer was made to the Nina Realty Company of all of the lots which had not been previously disposed of as above mentioned. The title acquired by the Nina Realty Company to these lots carried with it no restrictions.

Both plaintiff and defendant Klein acquired their lots from the November Realty Company, being among the lots conveyed to the latter company by the West End Realty Company by the aforesaid deed of July 25, 1907, containing the restrictions above set out. Plaintiff acquired her lot by deed of March 27, 1909, and it is known as lot No. 12 in Block 5417, located on the south side of McPherson Avenue. Defendant Klein's property was acquired by him by deed of March 8, 1910, and is known as lots 5 and 6 and the west ten feet of lot 7 in Block 5416, fronting on the south line of Waterman avenue, and being one block south of the property owned by plaintiff.

It is unnecessary for us to set out the pleadings in full. The petition avers the ownership by plaintiff and defendants of their respective parcels of land; the conveyances of the lots above mentioned by the West End Realty Company to the November Investment Company of July 25, 1907, of which the lands of plaintiff and defendant were a part; and sets out in full the restrictions in said deed which we have copied above. It is then averred that plaintiff and the defendant Klein acquired their respective parcels of land by mesne conveyances. Allegations are made respecting the character of the property in the vicinity; and it is averred that the defendant Klein had entered into a contract with defendant Robinson, as contractor, to erect flats or apartment buildings upon said

land of defendant Klein, and that the defendants had actually begun to excavate preparatory to the erection of such buildings, in violation of the aforesaid restrictions.

The answer admits the conveyance by the West End Realty Company to the November Realty Company of the property above mentioned, as having been so conveyed on July 15, 1907, subject to the restrictions against flats and apartments as set out in plaintiff's petition; and admits that the defendant Klein had become the owner of his land by mesne conveyances from the November Realty Company. But the defendants aver that the restrictions "are, in equity and good conscience, no longer valid and enforcible as to the lots owned by defendants." And as reasons for the latter defendants aver, in substance:

First, that the West End Realty Company, in undertaking to restrict its property had formulated a general scheme for the improvement of the entire tract known as "Washington Heights," or practically all thereof, to prevent the same from being used except for high class residence property; but that such general scheme or plan of improvement had failed, in large part through the foreclosure of the deed of trust above mentioned, had been abandoned, and that the restrictions here in question had for that reason become void and unenforcible;

Second, that conditions had so changed with respect to the lots covered by these restrictions as to render the enforcement of the latter inequitable and unreasonable;

Third, that the restrictions on the lot adjoining the property of defendant had been violated with the knowledge and consent of plaintiff; and that the latter had thereby abandoned and waived said restrictions, and could not be heard to complain as to further violations thereof.

The reply was conventional.

The cause was tried below upon an agreed statement of facts, of which facts so agreed upon we have above set out so much as we deem material to the issues involved.

1. Appellants urge that the petition does not state facts sufficient to constitute a cause of action. This point is made in this court for the first time. The petition was not attacked below by demurrer; nor was an objection interposed to the introduction of any evidence under it upon the ground that it failed to state a cause of action; neither was its sufficiency challanged by motion in arrest. In short, the defendants joined issue upon the facts, and submitted the cause on the merits upon an agreed statement of facts.

Such being the case, the only question relating to the sufficiency of the petition which is before us is whether it is so devoid of essential averments as to utterly fail to state a cause of action, under the most liberal construction. If, when so viewed, the petition utterly fails to state any cause of action, the objection is one going to the jurisdiction and must prevail. However, it is a trite doctrine that when a petition is not assailed below and its insufficiency is urged for the first time in the appellate court, every reasonable inference will be indulged in its favor, and if merely by reasonable inference and fair intendment it impliedly states a cause of action it will be held to be good after judgment and sufficient to support the latter. As to this the cases are numerous—so numerous in fact, and the point so well settled, that it is useless to cite authorities.

In substance, the points made with respect to the petition are that it does not allege that the deed to the November Realty Company containing the restrictions in question was recorded, or that defendant Klein had any notice thereof or of the existence of any restrictions upon the property; that is. does not state that the parties to this deed intended the restrictions to enure

to the benefit of plaintiff's lot, or facts from which the same may be inferred, and that if there was such intention, or anything from which the same could be inferred the petition does not state that the defendant had any notice thereof.

An examination of the petition, however, reveals that the things which appellants claim are not therein averred are in fact at least inferentially stated. The petition, either expressly or by way of reasonable intendment, alleges all of the essential facts necessary to constitute a cause of action in plaintiff's favor. And we may further add that in large measure any imperfections in the petition were cured by defendants' answer, to which we have referred above. We need not advert to the precise language of the petition, for an examination of it is quite convincing that it is not open to attack upon the ground that it wholly fails to state a cause of action; and it is now too late to take advantage of any less vital imperfections therein. This assignment of error is therefore ruled against the appellant.

II. Turning to the defenses interposed below, as to the first two of these we cannot perhaps do better than to quote from the opinion filed herein by the learned circuit judge who tried the cause below. In part that opinion is as follows:

"There is no direct evidence that the West End Realty Company intended to restrict the whole of its ground platted. Indeed there is no evidence regarding the matter at all except such as appears inferentially from the action of the West End Realty Company. That company conveyed a large portion of lots with the restrictions referred to in their deeds, but it also conveyed quite a number of lots with no restrictions whatsoever in the deeds. There is nothing to show that there has been any substantial change in the property surrounding the defendant's lots since he purchased them. It is bound to be held that both

plaintiff and defendant purchased their lots knowing
of and agreeing to the restrictions contained in the
deed to the November Investment Company. [King
v. Union Trust Co., 226 Mo. 365.]

"It does not seem as if there was any settled plan
in the minds of the owners, the West End Realty Com-
pany, which would be sufficiently clear to determine
that they ever intended to restrict all of the property
contained in Washington Heights.

"On the other hand, the November Investment
Company was one of the last purchasers, if not the
last, from the West End Realty Company. They pur-
chased the property with the restrictions thereon, and
it seems that it must be held that so far as that large
body of property is concerned which was purchased
and held by the November Investment Company, all
of its grantees are bound by the provisions unless
purchasers from the November Investment Company
have done or suffered to be done something which
makes it inequitable for its grantees to insist upon the
strict performance of the contracts contained in their
deeds.

"The flats on Waterman avenue which were ex-
hibited to the court in photographs were buildings
which were erected on the unrestricted ground which
was conveyed through the foreclosure of the deed of
trust. There was this exception: A single flat has
been erected on lot 4 and the east half of lot 3 in city
block 5416, being just west of the property owned by
the defendant, and being property conveyed by the
West End Realty Company to Jessie Morris Real Es-
tate & Investment Company, with the restrictions
thereon regarding flats.

"It does not seem to me that anything can be
gained by a restating of the law, which it seems to me
is clearly set forth in the recent decision of Spahr v.
Cape, 143 Mo. App. 114.

"It is conceded by both parties that it is not necessary for the plaintiff to make any showing that the restrictions as originally contained in the deeds are reasonable or in the opinion of the court desirable.

"If the parties entered into the contract and the defendant has committed a breach of the same, plaintiff is entitled to restrain him, regardless of whether there has been any substantial injury to her or not. [St. Louis Safe Deposit Bank v. Kennett Estate, 101 Mo. App. 389; Sanders v. Dixon, 104 Mo. App. 246.]

"It is not known in this case whether the property would be more valuable for flats than for separate resident purposes, but it might be inferred from the fact that defendant desires to use it for flats that it would be more valuable for that purpose. He purchased his property comparatively recently, and if he could buy it at a low rate because of the restrictions on it and then use it for a purpose for which it would be more valuable, the restrictions instead of being a burden to him would be a benefit. However this may be, the Court of Appeals has said in the case of Spahr v. Cape, that 'The mere fact that it is more valuable or suitable for one purpose than the other is not enough to justify a court in overturning and nullifying the solemn covenants in the deeds.'

"A careful examination of the case of Coughlin v. Barker, 46 Mo. App. 54, leads to the conclusion that it is not an authority for the defendant in this case. In that case there was distinct evidence of a plan which Carpenter had formed in his own mind and endeavored to get others to joint in. In this, however, he wholly failed and absolutely abandoned it, and the basis of the decision of Judge THOMPSON is set forth on page 60 as follows: 'We lay all other considerations out of view, and rest our conclusion on a fact, which is made controlling and decisive in a number of modern cases, English and American, that it does not appear from the language of the deeds in which the original

building restrictions applicable to the respective lots of the plaintiffs and the defendant were contained, when construed with reference to the extrinsic circumstances shown in evidence, that it was the intention of the parties to the deed under which the defendant claims, to insert that restriction in the deed for the benefit of plaintiff's lot.'

"In the case at bar, it clearly appears from the restriction which was inserted in the deed made by the November Investment Company to the plaintiff, that she was bound by the restrictions in the deed from the West End Realty Company, and that the same was true of the deed to the defendant, and that such restrictions were for the benefit of all of the grantees of the November Investment Company."

We fully concur in the above findings of the lower court, and we think that the portion of the court's opinion quoted thoroughly disposes of all of the defenses sought to be interposed below except the one of estoppel, i. e., the defense that plaintiff has permitted other flats to be erected on property adjoining that of the defendant, and that she cannot now be heard to object to a similar use of defendant's property. As to the latter we may say, in the first place, that there could be no estoppel invoked against the plaintiff until there was proof of her actual knowledge of the erection of the structures in question contrary to the provisions of the deed conveying them. The agreed statement of facts indicates that she had no such knowledge. And furthermore mere silence and inaction on her part could not amount to an estoppel, except where such silence or inaction would amount to fraud. [See Spahr v. Cape, 143 Mo. App. l. c. 130, 122 S. W. 379, and cases cited.] Such is not the case here, but on the other hand there is nothing to indicate that plaintiff has done anything whereby she could be held to have waived her right to enforce the restrictions, or be estopped from so doing.

It is altogether clear that the facts of this record reveal no defense to plaintiff's bill. There is no contention that the restrictions do not prohibit buildings of the character proposed to be erected, and in fact there could be none. Restrictions of the character here in question are classed by our Supreme Court as equitable easements which run with the land. [King v. Union Trust Company, 226 Mo. l. c. 365, 126 S. W. 415.]

Beyond doubt the property of defendant Klein is affected by the restrictions imposed upon it for the benefit of the property of plaintiff and others; and the plaintiff is entitled to enjoin the use of defendfendant's property in any manner in violation thereof.

The judgment of the circuit court should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.