FRANKLIN P. REED et al., Respondents, v.
LUCINDA HAZARD et al., Appellants.

Kansas City Court of Appeals, March 1, 1915.

1. INJUNCTIONS: Deed: Restriction: Residence. A deed to land
on a corner in a city contained the following restriction: "And
on the east eighty-three (83) feet two (2) inches of the above
described premises there are not to be more than two dwell-
ings erected on the south front and to cost not less than $2500
each, but other buildings may be erected on the east front of said
last described premises." It was *held* that such restriction did
not mean that any character of houses could be built, and if
residences were decided upon that there should be but two, which
should cost $2500 each, but it meant that only residences of the
character named could be built.

2. ————: Doubt: Intention. In instances of doubt whether there
is a restriction in a deed as to the use of land it will be re-
solved against a restriction; but the intention will be ascer-
tained and if it appears a restriction was intended it will be
enforced.

3. ————: Adjoining Owners: Right to Enjoin. A restriction in
a deed of land for dwelling purposes ennures to the benefit of
those owning property in the restricted district and they may
maintain injunction against those violating the restriction.

Appeal from Jackson Circuit Court.—*Hon. Thos. J.
Seehorn,* Judge.

AFFIRMED.

*Moore & Creel* for appellants.

(1) The law favors the free and untrammelled
use of real property. Restrictions in conveyances of
the fee are regarded unfavorably and therefore strictly
construed. Scharer v. Pantler, 127 Mo. App. 437;
Kitching v. Brown, 180 N. Y. Supp. 341. (2) All doubts
as to their construction, being resolved in favor of the
grantee. Kitchen v. Hawley, 150 Mo. App. 497; Stone
v. Pillsburg, 167 Mass. 337; Hutchinson et al. v. Urich

et al., 145 Ill. 336. (3) . Where one enters into detail, specifying certain matters, as interdictment, it is to be presumed if nothing to the contrary appears from the context of the instrument, that buildings of a nature not thus excluded are intended as a proper use of the property. Kitchen v. Hawley, 150 Mo. App. 497. (4) The restrictions will not be extended by implication or construction. Peck v. Hartshorn, 189 Mass. 110; Penk v. Eaton, 115 Mo. App. 171. (5) In construing a deed, the same meaning should be given to every clause, word and expression. Jacoby v. Nichols et al., 62 S. W. 734; Proctor v. Railroad, 96 Maine, 458.

*Wm. Moore* for respondents.

(1) Courts are disposed to uphold building restrictions according to their meaning and according to the intention of the parties in the light of surrounding circumstances. Sanders v. Dixon, 114 Mo. App. 229, 253; Godfrey v. Hampton, 148 Mo. App. 157; Spahr v. Cape, 143 Mo. App. 114; Miller v. Klein, 177 Mo. App. 557. (2) William Moore, plaintiff, is bound by the same building restrictions as defendants and has an equitable easement in their tract and may enjoin them from violating the restrictions. Miller v. Klein, 177 Mo. App. 557. (3) Covenants in the nature of building restrictions enure to the benefit of neighbors where there is a general plan of restriction. Meriwether v. Joy, 85 Mo. App. 639; Miller v. Klein, 177 Mo. App. 557.

ELLISON, P. J.—This is a proceeding by injunction to restrain defendants from erecting on their real estate one or more small, one story business buildings, commonly known as store buildings. The injunction was granted, and defendants appealed.

The ground in controversy is in what is known as a residence restricted district of Kansas City, plain-

tiffs residing on adjoining property. The tract is described as follows: "Beginning at the Northwest corner of 39th and Mercer streets in Kansas City; thence west along the north line of 39th street eighty-three feet and two inches; thence north paralled with Mercer street one hundred and thirty-eight feet; thence east paralled with 39th street eighty-three feet and two inches to the west line of Mercer street; thence south along the west line of Mercer street one hundred and thirty-eight feet to the place of beginning." Defendants became the owners of the ground through a chain of title, duly recorded containing the following restriction:

"And on the east eighty-three (83) feet two (2) inches of the above described premises there are not to be more than two dwellings erected on the south front and to cost not less than $2500 each, but other buildings may be erected on the east front of said last described premises."

Notwithstanding one of defendants testified that they bought with their "eyes wide open" as to these restrictions, they began excavations for several one-story store buildings, facing on 39th street. They endeavor to maintain their right to do so by a construction we think unwarranted and in the face of what was evidently meant by the restriction. They insist that they are at liberty to build any character of building, fronting south on 39th street, but if they do build residences, there shall not be more than two; and neither shall cost less than $2500. We think the words that there are not to be more than two dwellings fronting on 39th street mean that those are the character of buildings permitted to be built and that there must not be more than two of them. That it was the intention to exclude any other class of buildings from the south front, is made manifest by the fact that other classes are provided for on the east front of the tract.

The general subject of building restrictions on city property is discussed in a series of decisions by the St. Louis Court of Appeals. [Miller v. Klien, 177 Mo. App. 557; Spahr v. Cape, 143 Mo. App. 114; Kitchen v. Hawley, 150 Mo. App. 497; Godfrey v. Hampton, 148 Mo. App. 157; Fete v. Foerstal, 159 Mo. App. 75; Sanders v. Dixon, 114 Mo. App. 229.] In the last of these cases it is said at page 252, 253 of the report, that "We concede that in disposing of this question we must resolve any doubt in favor of the free use of the property. The law prefers that the use of land in any lawful mode shall be unhampered by restrictive covenants; and, therefore, courts decline to extend a stipulation limiting the use, beyond the clear meaning of the instrument when construed by the aid of the circumstances surrounding its execution. [Sonn v. Heilberg, 50 N. Y. Supp. 341; Hurley v. Brown, 60 N. Y. Supp. 816.] But all courts profess to give effect to the plain intention of the parties in imposing such restrictions, and should live up to their profession in good faith, instead of seeking ingenious subtleties of interpretation by which to evade restrictions."

To the same effect is the third case.

In the first case it is held that persons, who, as the present plaintiffs, are restrained by like restrictions, are competent to maintain a bill for injunction against others who are violating such restrictions. That the covenants enure to their benefit. In the second case it was held that the mere fact that the property had become more suitable for business than residence purpose, would not justify a court in annulling the covenants in the deeds. And this was repeated in Fete v. Foerstal, supra.

It will be observed that the ground in controversy is on a corner, and that it might therefore be said to front on both 39th and Mercer streets. But the expression in the restriction, "south front" on 39th street, for building purposes, necessarily includes the east

side on Mercer street, for the distance, at least, necessarily and in good faith, required for the accommodation of residences to be built thereon. And the remainder, on the east side, could be devoted to other character of buildings; and this was the view of the trial court.

We think the judgment should be affirmed. All concur.