# CUFFMAN v. CITY OF NASHVILLE.—175 S. W. (2d) 331.

Middle Section.   August 7, 1943.

Petition for Certiorari denied by Supreme Court, November 20, 1943.

Guild & Guild, of Nashville, for plaintiff in error.

W. C. Cherry, of Nashville, for defendant in error.

HOWELL, J. This is a damage suit against the City of Nashville resulting from injuries received by the plaintiff J. M. Cuffman on October 29, 1941, when he was struck by a stream of water discharged from a fire hydrant of the City located near the edge of the sidewalk on North side of Union Street, near Second Avenue North. This discharge of water from the hydrant was caused by a fireman, while using the hydrant in connection with fighting a fire on Second Avenue North, removing a cap from the hydrant and permitting the water to escape, striking plaintiff, who was walking along the sidewalk, and causing the injury complained of. The declaration alleges that this fireman was negligent and careless in thus removing this cap from the hydrant and without any warning or notice to plaintiff causing this water to be discharged with great force striking and injuring the plaintiff. The declaration also alleges that the hydrant was not properly located and its location and use by the defendant constituted a dangerous obstruction and nuisance to pedestrians using this sidewalk.

The defendant pleaded not guilty and also that on the occasion when plaintiff was injured the defendant was engaged in a governmental duty of putting out a fire and that the employee removing the cap as alleged was a member of the Fire Department of the City and engaged in his duty at the time and although this act of the fireman may

have been negligent, the City of Nashville could not be held liable as it was engaged in a governmental function.

The case was tried three times, the first trial resulting in mistrial, the second in a verdict for the plaintiff which was set aside by the trial Court, and the last in a directed verdict for the defendant.

After proper proceedings the plaintiff has appealed in error to this Court and has filed three assignments of error as follows:

"1. The Court erred in sustaining defendant's motion for directed verdict, and in dismissing plaintiff's suit.

"2. There is no evidence to sustain the action of the trial judge in sustaining defendant's motion for a directed verdict and in dismissing plaintiff's suit.

"3. The action of the trial judge in sustaining defendant's motion for directed verdict and in dismissing plaintiff's suit is against the preponderance of the evidence in the case, which preponderates in favor of plaintiff."

These assignments will be considered together.

There is no real controversy as to the facts, the only questions being whether or not the City is liable for this act of one of its members of its Fire Department and whether or not the construction and maintenance of this hydrant as located constituted such a nuisance as to make the City liable in damages to the plaintiff under all the circumstances of the case.

The plaintiff in error relies upon, among other authorities, the cases of City of Nashville v. Mason, 137 Tenn. 169, 192 S. W. 915, L. R. A. 1917B, 914; Knoxville v. Klasing, 111 Tenn. 134, 76 S. W. 814, and Kolb v. Knoxville, 111 Tenn. 311, 76 S. W. 823. The principles of law established in these cases do not apply to the facts of this case. In the Mason case it was held that a garbage dump upon which large quantities of material were burned

during a high wind, constituted a nuisance. In the Klasing case the City authorities had directed garbage to be deposited in a sewer near the plaintiff's residence and it was held that the facts made a case of liability against the City. Kolb case was another in which the Court held that accumulations of garbage and filth were nuisances.

In each of those cases the City had permitted some act which in itself constituted a nuisance. In this case it is charged that the negligent act of a fireman resulted in the injury and that the location of the hydrant was a nuisance.

■ The applicable law is stated in 19 Ruling Case Law, paragraph 398 on pages 1117 and 1118, as follows:

"As the extinguishment of fires is a governmental function, the firemen are not the servants or agents of the city or town by which they are employed, so as to render it civilly liable for their misconduct or negligence. Thus it has been held that a city or town is not liable for injuries to a traveler on the highway who is run down by the obstruction or other dangers negligently placed in a highway by members of the fire department, or to a citizen who is injured by the defective condition of a fire engine house."

"Nor is it material that the firemen were not actually engaged in the extinguishment of a fire when the injury occurred, or that the officials of the city had knowledge of the incompetence and recklessness of the fireman who caused the injury."

■ There are many cases in which municipalities have been held liable under the nuisance doctrine, and in the case of Burnett v. Rudd, 165 Tenn. 238, on page 247, 54 S. W. (2d) 718, on page 720, the Court said:

"In each of these cases the city was held liable under the nuisance doctrine. It will also be observed that in each the city committed some affirmative act that consti-

tuted a nuisance, which is not true in the instant case. Counsel fail to distinguish between a condition produced by the affirmative action of the city and the negligent acts of its employees resulting in injury to a citizen. The city created no condition upon Gay street that could be classed as a nuisance.

"In 46 Corpus Juris, 663, it is said: 'While a lawful thing or act may be a nuisance by reason of its negligent use or operation, nuisance is a condition, and not an act or failure to act of the person responsible for the condition. As a general rule, negligence is not involved in nuisance actions or proceedings, and is not essential to the cause of action.' "

The fireman in this case was engaged in his duties connected with the extinguishment of a fire and the city of Nashville in maintaining and operating its Fire Deparment is exercising a Governmental function and is not liable for the negligence of members of its Fire Department while performing their duties necessary to the operation of this department.

The evidence does not justify the conclusion that the location of this fire hydrant constituted a nuisance. Fire hydrants are necessary and are usually and properly located near the edge of a sidewalk and it does not appear that the particular position of this hydrant or its angle to the curb was such as to constitute a nuisance or was any different from the usual and customary location of such equipment.

We find no error in the action of the trial court in directing a verdict for the defendant and the assignments of error are overruled, and the judgment of the trial Court dismissing the suit is affirmed.

The plaintiff in error will pay all costs.

Felts and Hickerson, JJ., concur.