# ERIC LYNN SEWELL, b/n/f Alene Sewell v. CITY OF KNOXVILLE.

# ALENE SEWELL v. CITY OF KNOXVILLE. —444 S.W.2d 177.

Eastern Section. February 24, 1969.

Certiorari Denied by Supreme Court June 2, 1969.

Lockett, Slovis & Weaver, Knoxville, for plaintiffs in error.

Baker, Worthington, Barnett & Crossley, Knoxville, for defendant in error.

COOPER, J. The plaintiff Eric Lynn Sewell brought suit by next friend to recover damages for personal injuries sustained in a fall from a cinderblock bleacher seat foundation located on the Winona Athletic Field, a public recreational facility owned and maintained by the defendant City of Knoxville. His mother, the plaintiff Alene Sewell, brought suit to recover damages for the loss of her son's services and to recover expenses incurred in treating her son's injuries. The trial court directed verdicts for the defendant at the close of plaintiffs' proof, and this appeal in error resulted.

Winona Athletic Field consists principally of baseball diamonds, with bleachers for the use of spectators. On June 26, 1967, on instructions from the Administrator of Parks and Recreation of the City of Knoxville, a city maintenance crew removed the wooden seats from one section of the bleachers as several of the seats showed signs of deterioration and wear. The concrete cinderblock seat foundations, which were of a stair-step design, were left standing.

Plaintiff went to the Winona Athletic Field on July July 15, 1967, to participate in the Little League baseball tournament scheduled and conducted by the City Recreation Department. While awaiting his team's scheduled game to begin, plaintiff and a friend "crawled up" one of the foundations to watch a nearby game. The climb, according to plaintiff, was without incident. The plaintiff testified that as he began his descent, one of the cinder blocks started "shaking" and he fell to the ground. The block that had "shook" also fell from its place on the riser, striking the plaintiff's right foot and causing a serious and painful, though not permanent injury.

Plaintiff further showed that there were no warning signs posted at the bleachers, and that no one had warned the plaintiff not to climb the bleacher foundation.

Plaintiff's suit as originally declared was based on the alleged negligence of defendant's employees, in failing to keep and maintain the bleacher foundation in a safe and reasonable condition, in failing to provide adequate personnel to supervise the recreational facility, and in failing to provide seating planks for the bleacher foundation.

Defendant's demurrer to plaintiff's declaration was sustained, and plaintiff filed an amended declaration charging that the defendant, in removing the seats and leaving the foundations or risers standing in a deteriorated condition, created and maintained a nuisance.

The Court in Johnson v. Tennessean Newspaper, Inc. et al., 192 Tenn. 297, 241 S.W.2d 399, stated the controlling principles where suit is predicated upon a happening which occurred in a public park, as follows:

"Inasmuch as a City acts in its governmental capacity in the operation and maintenance within its boundaries of a municipally owned park, it is not liable for injuries to a member of the public resulting from negligence of its servants or employees in the operation and maintenance of such a park, Mayor and City Council of Nashville v. Burns, 131 Tenn. 281, 174 S.W. 1111, L.R.A.1915D, 1108, unless the municipality 'authorizes or with knowledge permits' such parks 'to be so negligently constructed or operated by its agents as to become a nuisance detrimental to health and property'. Mayor, etc., of Knoxville v. Klasing, 111 Tenn. 134, 138, 76 S.W. 814. * * *''

* * * * * *

"Stripped of legal refinements, and more or less 'hair line' distinctions (which must be taken into consideration) the ordinary concept of an actionable nuisance is a recurring act, State v. James, 177 Tenn. 21, 26, 145 S.W. 2d 783, 'wrongfully done or permitted which injures or annoys another in the enjoyment of his legal right'. Cooper v. Overton, 102 Tenn. 211, 216, 52 S.W. 183, 184, 45 L.R.A. 591.''

In 66 C.J.S. Nuisances sec. 11, p. 752, it is said that:

"[A] nuisance may have its origin in, or exist as a result of, negligence. However, while a lawful thing or act may be a nuisance by reason of its negligent use or operation * * *, nuisance is a condition, and not an act or failure to act of the person responsible for the condition; it does not necessarily depend on the degree of care used, but rather on the danger, indecency, or offensiveness existing or resulting even with the best of care.'' Citing among other cases, Powell v. City of Nashville, 167 Tenn. 334, 69 S.W.2d 894, 92 A.L.R. 1493; Burnett v. Rudd, 165

Tenn. 238, 54 S.W.2d 718, 729; Cuffman v. City of Nashville, 26 Tenn.App. 367, 175 S.W.2d 331; Rector v. City of Nashville, 23 Tenn.App. 495, 134 S.W.2d 892.

As would be expected where negligence and nuisance are often entwined "courts recognizing municipal liability for nuisances but not for negligence in 'governmental' areas have had difficulty in determining when municipal conduct was beyond negligence and amounted to nuisance. It is said at times that there must be a degree of danger likely to result in damage inherent in the thing itself, beyond that arising from mere failure to exercise ordinary care in its use. The condition of inherent or intrinsic danger admittedly may arise either from original improper construction of a structure or from such a deterioration thereof from neglect as to warrant the conclusion that an inherently dangerous condition is intentionally permitted to exist. If an act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held to be a nuisance." 2 Antieau, Municipal Corporation Law, Sec. 11.03, p. 15.

In the instant case, the City had no alternative but to remove the wooden seats in need of repair. There was no danger inherent in leaving the cinderblock foundations standing that would not be inherent in any wall that might be constructed in any location. There was no evidence that the foundations were in a general state of disrepair, nor that they were, in fact, dangerous to persons lawfully using the facilities of the athletic field. At the worst, in our opinion, the evidence shows merely that defendant's employees were guilty of negligence in failing to find and/or repair the concrete block which "shook" under the plaintiff as he started to climb down

from his perch on the foundation—negligence, for which the City of Knoxville can not be held liable under the law as it now exists in this state.

Having concluded that the evidence conclusively shows that plaintiffs' damages resulted from negligence and not from a nuisance created and/or maintained by the City of Knoxville, the judgments of the trial judge dismissing plaintiffs' suits are affirmed. Costs are adjudged against the plaintiffs.

McAmis, P. J., and Parrott, J., concur.