Michael Robert Eric DEAN, a minor by next friend and father, Billy Junior Dean, and Billy Junior Dean, Appellees,

v.

BAYS MOUNTAIN PARK ASSOCIATION and City of Kingsport, Appellants.

Court of Appeals of Tennessee, Eastern Section.

Feb. 1, 1977.

Certiorari Denied by Supreme Court May 31, 1977.

W. T. Wray, William E. Weber, and Ward Huddleston, Kingsport, for appellants.

Daniel B. Minor, Kingsport, for appellees.

## OPINION

PARROTT, Presiding Judge (E.S.).

The defendants, Bays Mountain Park Association and the City of Kingsport, have appealed from a judgment entered in accord with a jury verdict in favor of the plaintiff, Michael Dean, a minor by next friend and father, Billy Junior Dean, in the amount of $10,000.00 and $1,500.00 for his father for injuries resulting when the minor plaintiff rode his bicycle into a log-chain blocking an access road to the bicycle trails maintained in the park. The plaintiffs alleged below and maintain on appeal the chain constitutes a nuisance for which the City of Kingsport is liable as an exception to the Tennessee Governmental Tort Liability Act. The defendants argue on appeal the condition of the chain constitutes negligence in its maintenance and does not establish the inherent danger required for a nuisance action.

The defendants' single assignment of error challenges the trial judge's refusal to direct a verdict in favor of the defendants at the close of plaintiffs' proof and again at the close of all the proof. After a careful reading of the evidence and a review of the authority in this state, we find the trial judge should have directed a verdict for the defendant at the conclusion of all the proof.

On December 29, 1974 the plaintiff, Michael Dean, who was then eight years old, was visiting Bays Mountain Park with his father and other family members. Michael Dean and his nine year old uncle were riding their bicycles in the park while other family members were enjoying the park's facilities. At approximately four o'clock in the afternoon, Michael Dean attempted to ascend a steep gravel road blocked by a chain stretched across the entrance to prevent unauthorized vehicles from entering. The chain was attached to posts located on both sides of the road. The record reveals that the posts and chain were painted "international orange"; however, the chain was not as visible as the connecting posts. The evidence establishes the chain was painted every six months, but the testimony does not reveal the last time the chain was painted prior to the accident.

The chain struck the plaintiff in the mouth causing a gash in his tongue, cuts on his lips, under his eye and nose, and the loss of and damage to several teeth. Some two weeks after the accident a one-quarter to one-half inch portion of the tip of his tongue fell off resulting in a slight speech impediment. According to the plaintiff's testimony, he is experiencing no present discomfort from his injuries although he was unable to eat for a period of two to three weeks immediately following the acci-

dent due to the swollen condition of his tongue. The stipulated medical expenses amount to $952.00.

The primary question before this court is simply whether or not the maintenance of a chain across an access road in the park constitutes a nuisance for which the City is liable for resulting injuries. "As would be expected where negligence and nuisance are often entwined 'courts recognizing municipal liability for nuisances but not for negligence in "governmental" areas have had difficulty in determining when municipal conduct was beyond negligence and amounted to nuisance. It is said at times that there must be a *degree of danger* likely to result in damage *inherent in the thing itself*, beyond that arising from mere failure to exercise ordinary care in its use. . . . If an act in its inherent nature is so hazardous as to make the danger extreme and serious injury so probable as to be almost a certainty, it should be held to be a nuisance.'" (Emphasis added.) *Sewell v. City of Knoxville*, 60 Tenn.App. 86, 90, 444 S.W.2d 177, 179 (1969), citing 2 Antieau, Municipal Corporation Law, Sec. 11.03, p. 15.

■ The cases in Tennessee considering municipal liability for nuisance establish the following requirements: an inherently dangerous condition and affirmative action on the part of the municipality. Both elements must be established before a nuisance can be found and "the distinction must be preserved 'between negligence, an omission of duty, and a nuisance, or active wrong.'" *Powell v. City of Nashville*, 167 Tenn. 334, 69 S.W.2d 894 (1933). An examination of factual elements in Tennessee cases holding the municipality liable for maintaining a nuisance (*Johnson v. Tennessean Newspaper, Inc.*, 192 Tenn. 287, 241 S.W.2d 399 [1950]), and cases finding that no nuisance was created (*Sewell v. City of Knoxville*, supra) illustratively define the elements of nuisance essential for recovery against a municipality.

In *Johnson v. Tennessean Newspaper, Inc.*, supra, the city constructed water outlets in its park consisting of holes covered by concrete blocks. The park officials knew the concrete blocks were frequently removed by people using the park and since the area was sown with grass which concealed the holes, an extremely dangerous condition was allowed to exist for many years. When the plaintiff, who was attending a concert in the park, injured herself by stepping into an uncovered hole, she was allowed to recover under the theory of nuisance.

On the other hand, in *Sewell v. City of Knoxville*, supra, this court held that the City's removal of seats from cinder block supports of bleachers in the city park leaving one block in a loosened condition which caused the plaintiff to fall, did not constitute a nuisance. This court said that "the evidence shows merely that defendant's employees were guilty of negligence in failing to find and/or repair the concrete block which 'shook' under the plaintiff as he started to climb down from his perch on the foundation—negligence, for which the City of Knoxville cannot be held liable under the law as it now exists in this State."

The evidence shows Michael Dean was injured when he descended a paved vehicular road in the park and attempted to ascend the gravel access road after failing to observe the chain blocking his entrance. The fifteen foot chain, which was located two and a half feet off the ground, was painted every six months. The evidence does not reveal the date of the last repainting, but there is no evidence to refute the testimony of the park manager regarding its biannual maintenance. The testimony reveals the chain was rusty and showing signs of wear which would be expected since park employees remove the chain and drive over it whenever they travel on the access road. The testimony further establishes that the chain and posts were painted "international orange" because of that color's high visibility in a natural setting. The chain was located in an open area with nothing to obscure it from view. Similar chains were used in other areas of the park to direct traffic flow with the addition of a sign suspending from the center of the chain in wooded areas.

When the evidence in this case is read in conjunction with prior Tennessee cases, we find ourselves unable to say this chain constituted a nuisance. It is the condition itself that must be "fraught with danger" (*City of Nashville v. Mason*, 137 Tenn. 169, 192 S.W. 915 [1916]) and "while a lawful thing or act may be a nuisance by reason of its negligent use or operation . . ., nuisance is a condition, and not an act or failure to act of the person responsible for the condition; it does not necessarily depend on the degree of care used, but rather on the danger, indecency, or offensiveness existing or resulting even with the best of care." 66 C.J.S. Nuisance § 11, p. 752 cited with approval in *Sewell v. City of Knoxville*, supra, 60 Tenn.App. at p. 89, 444 S.W.2d 177.

The condition of the chain at the time of the accident resulted from the park employees' failure to maintain the chain's bright orange color to increase its visibility. However, the evidence does not support a finding that such a chain necessarily located at that area to prevent unauthorized vehicles from using the gravel access road constitutes a nuisance. There is no evidence that the chain is inherently dangerous to those properly using the park facilities. The testimony of the park manager establishes that individuals bicycling in that park area were to walk their bicycles up the gravel road to the bicycle trails. To ride up the access road from the sloped paved roadway would indeed be dangerous because of the sudden change to a gravel surface at the entrance to the access road.

Without evidence in the record to establish an inherently dangerous condition, a nuisance cannot be found to exist. We find the trial judge erred in failing to direct a verdict in favor of the defendants at the close of all the proof.

Let the judgment entered be vacated and the cause dismissed with costs taxed to the plaintiffs.

SANDERS and GODDARD, JJ., concur.