Town of Gainesboro *v*. Gore.*

(*Nashville.* December Term, 1914.)

**MUNICIPAL CORPORATIONS.** Governmental duties. Regulation of streets.

A town is not liable for the death of a mare, resulting from its attempts to get away from a horse that was loose on the streets, since the duty to regulate the streets and to prevent animals from running loose thereon is a governmental duty, and not a corporate duty, as is the duty to keep the streets in a safe condition.

Cases cited and approved: Addington v. Littleton, 50 Colo., 623; Van Cleef v. Chicago, 240 Ill., 318; Levy v. New York, 1 Sandf. (N. Y.), 465; Rivers v. Augusta, 65 Ga., 376; Chattanooga v. Reid, 103 Tenn., 616.

FROM JACKSON.

Appeal from the Circuit Court of Jackson County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— C. E. Snodgrass, Judge.

W. W. Draper and G. G. Haile, for plaintiff.

M. G. Butler, P. J. Anderson and Jno. J. Gore, for defendant.

Mr. Justice Green delivered the opinion of the Court.

*As to the liability of a municipality for permitting animals to run at large in streets, see notes in 23 L. R. A. (N. S.), 642 and 42 L. R. A. (N. S.), 862. And upon the liability of a municipality for permitting animals in streets, see note in 27 L. R. A., 728.

This suit was brought by plaintiff below against the town of Gainesboro to recover damages for the death of a mare. There was a judgment for $200 in favor of plaintiff in the circuit court, but the court of civil appeals reversed this judgment, sustained the motion for peremptory instructions in favor of the town, and dismissed the suit. The case is before us on petition for *certiorari,* which has been granted.

The mare was hitched to a post standing on a lot near a street in the said town. The top of this post was sharp, and while the mare was so hitched it is averred and proven that she was teased and harassed by a horse that was loose on the streets. She reared up and came down on the pointed post, inflicting a wound on herself from which she died.

The negligence charged against the town of Gainesboro is that it wrongfully permitted stock to run at large on its streets, knowing the danger to be apprehended from such stock.

Upon these facts, the court of civil appeals held that there was no liability on the part of the town of Gainesboro, and we think the judgment of that court was correct.

The making or enforcing of ordinances or other provisions, regulating the use of streets, involves governmental, and not corporate, functions. There is no liability on the part of the municipality for an omission of duty in this respect, unless such liability be imposed by statute.

To construct and maintain its streets in a safe condition is a corporate duty, and a city or town is answerable for a breach of that duty. The manner in which the streets should be used, however, calls for the exercise of municipal discretion, a governmental power, and a municipality cannot be called to account respecting its employment of such a power. *Addington* v. *Littleton,* 50 Colo., 623, 115 Pac., 896, 34 L. R. A. (N. S.), 1012, Ann. Cas., 1912C, 753, and note; *Van Cleef* v. *Chicago,* 240 Ill., 318, 88 N. E., 815, 23 L. R. A. (N. S.), 636, and note, 130 Am. St. Rep., 275; *Levy* v. *New York,* 1 Sandf. (N. Y.), 465; *Rivers* v. *Augusta,* 65 Ga., 376, 38 Am. Rep., 787. See, also, *Chattanooga* v. *Reid,* 103 Tenn., 616, 53 S. W., 937; 1 R. C. L., 1150.

Other questions made in the case are disposed of in the opinion of the court of civil appeals. Let the judgment of that court be affirmed.