POWELL *v.* CITY OF NASHVILLE *et al.*

(*Nashville.* December Term, 1933.)

Opinion filed March 31, 1934.

PRICE, SCHLATER & PRICE, of Nashville, for plaintiff in error.

JACK KEEFE, J. WASHINGTON MOORE, OWEN HUGHES, RICHARD DEWS, and TOM KITTRELL, all of Nashville, for defendants in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the administrator to recover for the alleged wrongful death of his wife. She was killed in a collision at the intersection of Second avenue and Monroe streets, when the car in which she was riding as a passenger was struck, as it passed out of Second avenue, without stopping, into Monroe street, by another car running on Monroe. It is alleged that Monroe was a thoroughfare, and that, although the city traffic ordinance required that a stop sign be maintained on Second avenue, at the intersection, to warn drivers entering Monroe from Second avenue, no such sign was there, or had been for a long time, so maintained. The charge is that this omission and failure of the city to observe its ordinance was the proximate cause of the death, and that for this the city is liable in damages. The trial judge sustained a demurrer which set up (1) that the declaration states no cause of action against the city, and (2) that the city is not liable for the negligence of its servants while acting in a governmental capacity.

It is urged that the city is liable (1) because it had failed to observe its own ordinance and use reasonable care to see that its streets were kept and maintained in a reasonably safe condition, and (2) that a nuisance was created by the city in failing to mark Monroe street

as a thoroughfare, for which it cannot escape liability by invoking the exemption applicable to municipalities while acting in a governmental capacity.

██ Quite apparently the draftsman of the declaration had in mind the first of these theories, rather than that of a nuisance. This term appears for the first time in the brief. But conceding that this point is pleaded, we think that a case of nuisance is not made out. The distinction must be preserved "between negligence, an omission of duty, and a nuisance, or active wrong." *Vance* v. *Shelby County,* 152 Tenn., 146, 273 S. W., 557, 558. In his opinion in the recent case of *Burnett* v. *Rudd,* 165 Tenn., 238, 54 S. W. (2d), 718 (decided since this suit was brought), Mr. Justice McKinney discusses fully this distinction and reviews our cases and text-book authorities. The principle considered in that case is involved here. Light signals were disregarded by the fire apparatus, resulting in a most unfortunate fatal accident at a cross-street intersection. The liability of the city for damages in nuisance cases was recognized, illustrated in our cases cited. *City of Chattanooga,* v. *Dowling,* 101 Tenn., 342, 47 S. W., 700; *Kolb* v. *Knoxville,* 111 Tenn., 314, 76 S. W., 823; *City of Nashville* v. *Mason,* 137 Tenn., 169, 192 S. W., 915, L. R. A., 1917B, 914; *Williams* v. *City of Nashville,* 145 Tenn., 677, 238 S. W., 86. This line of cases is relied on by counsel for plaintiff here. But, said the court in each of these cases, "the City committed some affirmative act that constituted a nuisance, which is not true in the instant case. Counsel fail to distinguish between a condition produced by the affirmative action of the City, and the negligent acts of its employees resulting in injury to a citizen."

This language is applicable here, except that here there was no "negligent act," but a negligent omission or failure to act only. The opinion then quotes from 46 C. J., 603, this statement of the rule: "While a lawful thing or act may be a nuisance by reason of its negligent use or operation, nuisance is a condition, and not an act or failure to act of the person responsible for the condition. As a general rule, negligence is not involved in nuisance actions or proceedings, and is not essential to the cause of action."

Here, as was said in *Fryar* v. *Hamilton County,* 160 Tenn., 216, 22 S. W. (2d), 353, another recent nuisance case, "at most the declaration charges an omission of duty, or act of nonfeasance."

■ Nor can the action be maintained on the theory, recognized as giving rise to municipal liability, of a failure to use reasonable care in the maintenance of its streets. No street defect or obstruction is alleged. The negligence alleged consists wholly in a failure to enforce or perform a regulatory traffic ordinance. This court has adjudged that in regulating traffic on its streets a municipality is performing a governmental, and not a corporate, function, and that for omissions in this regard no liability for damages arises. The precise question was definitely ruled in *Town of Gainesboro* v. *Gore,* 131 Tenn., 35, 173 S. W., 442, 443, opinion by the present Chief Justice. Citing authorities, he said:

"The making or enforcing of ordinances or other provisions, regulating the use of streets, involves governmental, and not corporate, functions. There is no liability on the part of the municipality for an omission of duty in this respect, unless such liability be imposed by statute.

"To construct and maintain its streets in a safe condition is a corporate duty, and a city or town is answerable for a breach of that duty. The manner in which the streets should be used, however, calls for the exercise of municipal discretion, a governmental power, and a municipality cannot be called to account respecting its employment of such a power."

It results that the judgment must be affirmed.