# Martin v. City of Winchester.

May 5, 1939.

MARCUS REDWINE and J. T. BOWSER, JR., for appellants.

T. STANLEY CLAY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 2739g-37 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes enacts certain duties and makes certain provisions with reference to travelers on highways and streets at intersections, and provides that persons traveling certain designated highways or streets shall have the right-of-way over other travelers on intersecting streets not belonging to that class. One of the described classes of streets upon which travelers have such prescribed superior rights embraces those that the council of the city in which the street is located may designate by ordinance as a boulevard, and when done travelers on streets intersecting such boulevard, or other highways, expressly mentioned in the statute, are required "to stop before entering said inter-county seat highways or highway of a higher class" than the one upon which he is traveling.

On September 7, 1923 (the statute supra having been first enacted by Chapter 90 of the Session Acts of 1920) the city council of the city of Winchester enacted an ordinance—pursuant to the power conferred under the section of the statute supra—wherein it designated all of Boone Avenue (one of the streets in the city) lying west of Main street as an arterial highway or boulevard, thereby rendering it necessary for persons coming into that portion of Boone Avenue over an intersect-

ing street to stop before entering the boulevard so designated by the ordinance. College Avenue intersects with that part of Boone Avenue which was designated as a boulevard by the city ordinance. On April 10, 1937, the plaintiff and appellant below, Henry Martin, was traveling north in an automobile on and over the designated boulevard and in passing its intersection with College Avenue one Elmer Decker, who was traveling east in his automobile on College Avenue, collided with plaintiff's automobile and injured it and him, by which—according to the petition in this case—he sustained damages in the total sum of $1,241, which amount he sought to recover by this action filed against the city in the Clark Circuit Court.

The alleged grounds for recovery were, that the city did not maintain a stop signal on College Avenue at its intersection with the ordinance-created boulevard so that persons entering therefrom onto the boulevard might stop before doing so; and which Decker failed to do in the instant case. The petition alleged, in substance, that the city was under a legal duty to erect and maintain, in the circumstances, a stop signal, and that its failure to do so was an act of negligence which rendered traveling conditions over both streets dangerous and unsafe, and that such negligence was the proximate cause of plaintiff's injuries growing out of the complained of collision, it being expressly alleged that: "Defendant was guilty of negligence in not maintaining at all times a stop sign on College Street where it crosses Boone Avenue."

A number of other conclusions of the pleader are inserted in plaintiff's petition and its amendment, to which as amended the court sustained defendant's demurrer filed thereto; and plaintiff declining to plead further, the petition as amended was dismissed, to reverse which plaintiff prosecutes this appeal.

It was nowhere alleged that there was any positive rule of law—statutory or otherwise—mandatorily requiring the city to maintain a stop sign in the outlined circumstances at the place designated, and which was due to the fact, no doubt, that there existed no such principle of law, it being entirely within its discretion as to whether or not such precautionary measures should be taken. That being true there was no duty to maintain such a signal for the benefit of travelers on either of the intersecting streets, and since negligence

is the failure to perform a duty to one, there can be no negligence where there is no duty. For that reason alone it would appear that this opinion might close at this point with repeating the current abbreviated expression '' 'nough said!''. But for the purpose of elucidation, we will continue by giving an analysis of the situation substantiating the conclusion above expressed, and later by citing fortifications of express determinations of the courts in harmony therewith.

In Volume 14 of West's Kentucky Digest, page 431, covering the subject of ''Municipal Corporations'' there is listed (with none to the contrary) a number of cases in which we held that a municipal corporation is not civilly liable in tort for the consequences of any act which it performs in the exercise of its governmental function, either of nonfeasance or malfeasance. Some of the cases so listed under that key number, and others following it, are: Hershberg v. City of Barbourville, 142 Ky. 60, 133 S. W. 985, 34 L. R. A., N. S., 141, Ann. Cas. 1912D, 189; Lampton & Burks v. Wood, 199 Ky. 250, 250 S. W. 980; City of Harlan v. Peaveley, 224 Ky. 338, 6 S. W. (2d) 270; Caudill v. Pinsion, 233 Ky. 12, 24 S. W. (2d) 938; Wyatt v. City of Henderson, 222 Ky. 292, 300 S. W. 921.

In the last cited case (and there are many others of similar import) it was expressly held that an exception to the rule of non-liability in the exercise of a governmental function by a municipality, was its failure to maintain its public ways in reasonably safe physical condition for travel, and which exception seems to have a permanent place in the law, notwithstanding it may be considered as a duty to be performed by the municipality as a governmental one and in the exercise of its governmental function. But the liability under that exception extends no further than the requiring of provisions for the physical safety of the highways or streets for the use of travelers thereon. Therefore, if a city permits any obstruction to such highways—in the way of excavations or structures or accumulations thereon— or itself produces them and fails to remedy the defects thus created, whereby a traveler is injured, the law imposes liability for the damages produced. Counsel for appellant in their brief rely upon many such cases and vigorously argue that the principles announced therein are applicable to the facts and conditions portrayed by their client's petition—failing thereby to recognize the

wide distinction separating the two classes of cases. Here no complaint whatever is made against the reasonably safe-physical condition of the boulevard upon which plaintiff was traveling when he was injured, and his injury was not produced by any sort of physical impediment or obstacle to safe travel on that street. The case therefore is not brought within the exception imposing liability upon the municipality, for neglect in performing a governmental function.

But we are not without express authority denying liability of the municipality in circumstances identical with the facts of this case. The case of Powell v. City of Nashville, 167 Tenn. 334, 69 S. W. (2d) 894, 895, 92 A. L. R. 1493, was one determined by the Supreme Court of the State of Tennessee. The only difference between its facts and those in this case—as disclosed by the petition—is, that the traveler on the intersecting and non-boulevard street was the plaintiff in that case instead of the traveler on the boulevard, as is true in this case. That distinction is of course a wholly immaterial one as affecting the legal principle involved. The plaintiff therein complained of the same failure to maintain a stop sign or signal at the side of the intersecting street as the intersection was approached, and because of which he entered upon the boulevard without stopping, followed by the collision that produced his injuries. The case is in reality a stronger one for the plaintiff than is true under the facts of the instant case, in that the ordinance creating the boulevard in that case expressly provided that a stop sign should be maintained by the defendant city; whereas in this case the like ordinance contains no such requirement, nor imposes any such duty. It was, therefore, contended in that case that the failure of the city to observe the ordinance requirement constituted a nuisance, but which was discarded by that court, and, since that question is not in this case we are not called upon to express an opinion as to the correctness of the ruling on that question.

However, it was likewise insisted in that case that the failure of the city to maintain a stop sign on the intersecting street created a danger to travelers on both streets and rendered them unsafe for travel, and which was due to a failure of the city to exercise reasonable care to maintain them in a reasonably safe condition. But that contention was answered by the Tennessee Court in this language:

"Nor can the action be maintained on the theory, recognized as giving rise to municipal liability, of a failure to use reasonable care in the maintenance of its streets. No street defect or obstruction is alleged. The negligence alleged consists wholly in a failure to enforce or perform a regulatory traffic ordinance. This court has adjudged that in regulating traffic on its streets a municipality is performing a governmental, and not a corporate, function, and that for omissions in this regard no liability for damages arises. The precise question was definitely ruled in Town of Gainesboro v. Gore, 131 Tenn. 35, 173 S. W. 442, 443, opinion by the present Chief Justice. Citing authorities, he said:

" 'The making or enforcing of ordinances or other provisions, regulating the use of streets, involves governmental, and not corporate, functions. There is no liability on the part of the municipality for an omission of duty in this respect, unless such liability be imposed by statute. To construct and maintain its streets in a safe condition is a corporate duty, and a city or town is answerable for a breach of that duty. The manner in which the streets should be used, however, calls for the exercise of municipal discretion, a governmental power, and a municipality cannot be called to account respecting its employment of such a power.' " That (Powell) case, as published in the A. L. R., is followed by an annotation on the subject of: "Failure of municipality to adopt, or to enforce, traffic regulations as ground of its liability for damage to property or person."

In that annotation many cases from various courts of the Union are cited recognizing the distinction between liability of a municipality for failure to maintain its streets in reasonably safe physical condition, and liability produced by non-enforcement of traffic regulations or the failure to provide for them; and it is pointed out in that annotation, as was done by the Tennessee court in the Powell opinion, that the maintenance or non-maintenance of a stop sign,—in circumstances and conditions here involved—is strictly within the traffic regulatory power and authority of the municipality, for a failure or improper exercise of which in any respect no civil liability attaches to the municipality.

After all, and in its essence, the contention in this case is: That the City of Winchester failed to erect and

maintain a perpetual notice to travelers on the intersecting College Avenue with the boulevard on which plaintiff was traveling of the law which it had enacted pursuant to authority conferred upon it by the Legislature, and that it is liable to plaintiff in this tort action for such failure. That principle would require all law-enacting agencies of government to maintain constant signals notifying its inhabitants and the public at large of all enacted laws, and especially those intended to provide for the safety of travelers upon public highways. But we have yet to find where any court ever required the performance of any such duty, since every one is presumed to know the law regulating the affairs of communities affected by it, and throughout which it prevails. If such knowledge is not actually possessed, it is nevertheless a matter of public record of which the public and all persons affected thereby must take notice.

Extended discussion would no doubt serve to more convincingly demonstrate the correctness of the court's ruling in sustaining the demurrer filed to plaintiff's petition, but we deem what we have already said amply sufficient for that purpose, and will not prolong the opinion by further discussion.

Wherefore, for the reasons stated, the judgment is affirmed.