## VIOLA J. HAMILTON v. TOWN OF HAMLET.

(Filed 2 December, 1953.)

**1. Pleadings § 19c—**

Upon demurrer, the facts alleged in the complaint and relevant inferences of fact necessarily deducible therefrom will be taken as true.

**2. Municipal Corporations § 12—**

A municipal corporation may be held liable for negligence of its officers and agents in the exercise of its private corporate powers, but is not so liable in the exercise of its police power or its judicial, discretionary or legislative authority in discharging a duty imposed solely for the public benefit.

**3. Same—**

In the installation and maintenance of traffic light signals, a city exercises a discretionary governmental function solely for the benefit of the public, and may not be held liable for negligence of its officers and agents in respect thereto. G.S. 160-200 (11) (31).

APPEAL by plaintiff from *Rousseau, J.,* at March Term, 1953, of RICHMOND.

Civil action for recovery of damages resulting from alleged actionable negligence of defendant, "a municipal corporation, created, organized and existing under and by virtue of the laws of the State of North Carolina . . ."

The negligence charged against defendant, as alleged in the complaint, is in connection with the installation and maintenance and timing of traffic signals for the regulation of traffic at the intersection of U. S. Highway No. 74 with Hamlet Avenue and N. C. Highway No. 38 in the town of Hamlet.

Defendant demurred to the complaint filed by plaintiff upon several grounds, among which the 6th is, "that it appears from the complaint and the allegations contained therein that the defendant was exercising

governmental and police regulations with regard to traffic, and not to the building and maintenance of streets and highways and that the defendant is not liable in civil damages for any accident occurring while operating as a governmental unit, and in a governmental capacity and function."

The demurrer was sustained by the judge presiding, and from judgment signed in accordance therewith, plaintiff appeals to Supreme Court and assigns error.

*Pittman & Webb for plaintiff, appellant.*
*Z. V. Morgan for defendant, appellee.*

WINBORNE, J. This appeal challenges only the ruling of the judge below in sustaining demurrer to the complaint. In passing upon a demurrer the facts alleged in the complaint and relevant inferences of fact necessarily deducible therefrom will be taken to be true.

The decisions of this Court uniformly hold that, in the absence of some statute which subjects them to liability therefor, cities, when acting in their corporate character, or in the exercise of powers for their own advantage, may be liable for the negligent acts of their officers and agents; but when acting in the exercise of police power, or judicial, discretionary, or legislative authority, conferred by their charters or by statute, and when discharging a duty imposed solely for the public benefit, they are not liable for the tortious acts of their officers or agents. See *Hodges v. City of Charlotte,* 214 N.C. 737, 200 S.E. 889, and numerous cases there cited. See also *Parks v. Princeton,* 217 N.C. 361, 8 S.E. 2d 217; *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42; *Stephenson v. Raleigh,* 232 N.C. 42, 59 S.E. 2d 195.

In the *Hodges case, supra,* this Court posed this question: Is the installing and maintaining of traffic light system in and by a city, in the exercise of governmental function, or in proprietary or corporate capacity? The Court ruled that it is in the exercise of a discretionary governmental function—saying that a traffic light system is in the interest of safety to the users of the streets and is installed solely for the public benefit. The Court went on to say that such a system is in effect the substituting of a signal for a policeman in regulating traffic in the use of streets; and that while the cities are not required to install such system, there is statutory authority for the exercise of such police power, citing C.S. 2787 (11) and (31)—which are now G.S. 160-200 (11) and (31). See also *Beach v. Tarboro,* 225 N.C. 26, 33 S.E. 2d 64.

In the light of this principle, and on authority of *Hodges v. City of Charlotte, supra,* the judgment sustaining the demurrer to the complaint is

Affirmed.