320 P.2d 384

Burton W. HAMMELL, Defendant-Appellant,

v.

CITY OF ALBUQUERQUE, Third-Party
Defendant-Appellee.

No. 6277.

Supreme Court of New Mexico.

Jan. 10, 1958.

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Frank Horan, Malcolm W. deVesty, Paul F. Henderson Jr., Albuquerque, for appellee.

LUJAN, Chief Justice.

This is a suit for damages resulting from an intersectional collision between an automobile driven by plaintiff's father in which he was a passenger and an automobile driven by Burton W. Hammell. The defendants are Hammell and the City of Albuquerque, New Mexico. The City was joined into the suit as a third-party defendant by virtue of the fact that third-party plaintiff claims that it was negligent in its failure to install a stop sign on Bridge Street where it intersects Coors Road. By his complaint the third-party plaintiff alleges:

"1. That on or about the 25th day of December 1956, third party plaintiff was driving his certain automobile west on Bridge Street; that he was a tourist going through the City of Albuquerque and was carefully driving and obeying all traffic rules and regulations; that he is informed, and on such information and belief, alleges that there was supposed to be a stop sign at the intersection of said Coors Road and Bridge Street; that the said sign had been down for a period of time unknown to the said third party plaintiff, and that after due notice that the said stop sign was down, third-party defendant, the City of Albuquerque, negligently failed to reinstall said stop sign.

"2. That as the proximate result of the aforesaid negligence of the City of Albuquerque the said automobile driven by the third-party plaintiff was involved in an accident with an automobile which was headed south on Coors Road, driven by one Martin Purcella; * * *"

The trial judge sustained a motion by the City to dismiss the third-party plaintiff's complaint which set up (1) that the complaint fails to state a claim against the City, and (2) that the control of traffic by the use of stop signs is a governmental function for negligence in the performance of which the City is not liable in damages. From the order dismissing the complaint the plaintiff prosecutes this appeal.

Third-party plaintiff-appellant contends that the court erred when it granted third-party defendant's motion to dismiss the third-party complaint for failure to state a claim against the City of Albuquerque, the third-party defendant. He argues that the maintenance of a stop sign at an intersection, once installed by a city, is a ministerial and corporate function, and the failure of the City to maintain the sign, after notice and knowledge that it has been removed, is negligence. The City, third-party defendant and appellee contends otherwise.

■ We are of opinion that the action cannot be maintained on the theory, recognized as giving rise to municipal liability, of a failure to use reasonable care in the maintenance of its streets. No defect or obstruction is alleged. The negligence alleged consists wholly in a failure by the City to reinstall a stop sign where one was supposed to have been erected.

Section 14–37–1, 1953 Compilation, provides:

"The city council shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares and commons within the city, *and shall cause the same to be kept open and in repair and free from nuisance.* * * *" (Emphasis ours.)

■■ To construct and maintain its streets in a safe condition is a corporate duty, and a municipality is under a legal duty to keep its streets and sidewalks in a reasonably safe condition for the use of the public, and for the negligent failure to perform this duty it is liable in tort to a person thereby injured. Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065; Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765; Napoleon v. City of Santa Fe, 38 N.M. 494, 35 P.2d 973; Johnson v. City of Santa Fe, 35 N.M. 77, 290 P. 793; City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256. But the manner in which the streets should be used and the installation of stop signs or electrical control systems calls for the exercise of municipal discretion, a governmental function, for which a municipality cannot be called to account respecting its employment of such power. See, Dorminey v. City of Montgomery, 232 Ala. 47, 166 So. 689; Holton v. City of Bartow, Fla., 68 So.2d 385; Avery v. City of West Palm Beach, 152 Fla. 717, 12 So.2d 881; Martin v. City of Winchester, 278 Ky. 200, 128 S.W.2d 543; Sandmann v. Sheehan, 279 Ky. 614, 131 S.W.2d 484; Edwards v. City of Shreveport, La.App., 66 So.2d 373; Terrill v. I. C. T. Insurance Co., La.App., 93 So.2d 292; Auslander v. City of St. Louis, 332 Mo. 145, 56 S.W.2d 778; Hiltner v. Kansas City, Mo., 293 S.W. 2d 422; Vickers v. City of Camden, 122 N.J.L. 14, 3 A.2d 613; Parsons v. City of New York, 273 N.Y. 547, 7 N.E.2d 685; Hamilton v. Town of Hamlet, 238 N.C. 741,

78 S.W.2d 770; Hanson v. Berry, 54 N.D. 487, 209 N.W. 1002, 47 A.L.R. 816; Tolliver v. Newark, 145 Ohio St. 517, 62 N.E.2d 357, 161 A.L.R. 1391; Martin v. City of Canton, 41 Ohio App. 420, 180 N.E. 78; Imfeld v. City of Hamilton, 166 Ohio St. 11, 138 N.E.2d 649; Kirk v. City of Muskogee, 183 Okl. 536, 83 P.2d 594; Powell v. City of Nashville, 167 Tenn. 334, 69 S.W.2d 894, 92 A.L.R. 1493; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Parson v Texas City, Tex.Civ.App., 259 S.W.2d 333; Burchett v. City of Stanton, Tex.Civ.App., 262 S.W.2d 952.

■ Regulating the use of streets, by a municipality, involves governmental and not corporate functions. There is no liability on the part of the municipality for an omission of duty in this respect, unless such liability is imposed by statute.

In Phinney v. City of Seattle, 34 Wash.2d 330, 208 P.2d 879, 881, the court said:

"In the absence of a statute a city would not be obligated to post or maintain any stop signs at street intersections, but if it does so of its own accord it performs a governmental function under its police power, and, according to the rule adopted by this court would not be liable in damages to users of the streets for its negligence in failing to maintain stop signs." (Citing cases.)

And in Bradshaw v. City of Seattle, 43 Wash.2d 766, 264 P.2d 265, 272, 42 A. L.R.2d 800, it is said:

"The governmental immunity which a city enjoys as a state agency can be taken away only by a legislative enactment specific in meaning. * * A statute removing such immunity being in derogation of the common law, must be strictly construed."

■ We conclude that the lower court did not err in dismissing the action against the City of Albuquerque under the theory that the erection and maintenance of stop signs is a governmental function as distinguished from a proprietary function.

The judgment of the district court should be affirmed.

It is so ordered.

McGHEE and COMPTON, JJ., concur.

SADLER and KIKER, JJ., not participating.