HAROLD EDWARD RAPPE, BY HIS NEXT FRIEND, NADINE MARIE S. RAPPE, v. SAM EARL CARR, JR., EDITH KIRBY AND THE TOWN OF BELMONT
— AND —
NADINE MARIE S. RAPPE v. SAM EARL CARR, JR., EDITH KIRBY AND THE TOWN OF BELMONT
— AND —
BOBBY J. RAPPE, JR., BY HIS NEXT FRIEND, NADINE MARIE S. RAPPE v. SAM EARL CARR, JR., EDITH KIRBY AND THE TOWN OF BELMONT
— AND —
DONNA RENE RAPPE, BY HER NEXT FRIEND, NADINE MARIE S. RAPPE v. SAM EARL CARR, JR., EDITH KIRBY AND THE TOWN OF BELMONT
— AND —
BOBBY J. RAPPE v. SAM EARL CARR, JR., EDITH KIRBY AND THE TOWN OF BELMONT

No. 6927DC226

(Filed 30 April 1969)

1. Municipal Corporations § 12— tort liability — governmental v. proprietary functions

Municipalities are not liable for tortious acts of their officers or agents when exercising their police power or their judicial, discretionary or legislative authority as conferred by charters and statutes or when discharging a duty imposed solely for the public benefit.

2. Municipal Corporations § 33— traffic control signals

While municipalities are not required to install electrical traffic control signals, they may do so as an exercise of their police power. G.S. 160-200(11) and (31).

3. Municipal Corporations §§ 5, 15— tort liability — maintenance of traffic lights

A municipality may not be held liable for negligence of its agents in the installation and maintenance of electric traffic control signals, the installation and maintenance of such signals being a governmental and not a proprietary function.

APPEAL from *Bulwinkle, J.*, 10 February 1969, Regular Civil Non-Jury Session of the General Court of Justice, District Court Division, GASTON County.

Harold Edward Rappe, by his next friend Nadine Marie S. Rappe; Bobby J. Rappe, Jr., by his next friend Nadine Marie S. Rappe; Donna Rene Rappe, by her next friend Nadine Marie S. Rappe, Bobby J. Rappe in his individual capacity and Nadine Marie S. Rappe in her individual capacity (plaintiffs), each instituted a separate civil action against Sam Earl Carr, Jr., (Carr) Edith Kirby (Kirby) and the Town of Belmont (Town) to recover for personal injuries sustained in an automobile collision. The five cases were consolidated for hearing. The plaintiffs alleged in their complaints that, at approximately 9:00 p.m. on 31 March 1968, they were passengers in a 1961 Ford automobile owned and operated by Kirby; the automobile was traveling in a northerly direction on North Main Street (Main) in Town; it was in the process of going through the intersection of Main and Todd Street (Todd); an electrical traffic control signal (signal) was located at the intersection; this signal regulated and controlled vehicular traffic; on the occasion in question, the signal was not exhibiting any light for vehicular traffic approaching on Main, but it was exhibiting a green light for vehicular traffic approaching on Todd; Carr was operating a 1967 Oldsmobile automobile in an easterly direction on Todd; upon reaching the intersection, Carr's automobile struck the left side of Kirby's automobile, thereby causing personal injuries to the plaintiffs. The plaintiffs further alleged that their personal injuries were caused by the joint and concurrent negligence of Carr, Kirby and Town. With regard to Town, the plaintiffs alleged that the signal had been malfunctioning and defective for several days prior to 31 March 1968; Town knew of this malfunction and defect; and Town was, therefore, negligent in failing to keep the signal working properly and in failing to warn motorists of same.

Town demurred to each complaint. From an order of Judge Bulwinkle sustaining these demurrers, the plaintiffs appealed to this Court.

*Joseph B. Roberts, III, for plaintiff appellants.*

*Carpenter, Golding, Crews & Meekins by Marvin K. Gray for Town of Belmont, defendant appellee.*

CAMPBELL, J.

This appeal challenges only the ruling of Judge Bulwinkle in sustaining Town's demurrers to each complaint. In passing upon the

demurrers, the facts alleged in the complaint and relevant inferences of fact necessarily deducible therefrom will be taken as true.

**[1-3]**    When exercising their police power or their judicial, discretionary or legislative authority as conferred by charters and statutes or when discharging a duty imposed solely for the public benefit, municipal corporations are not liable for the tortious acts of their officers and agents. While municipalities are not required to install electrical traffic control signals, they may do so as an exercise of their police power. G.S. 160-200(11) and (31). The installation and maintenance of such signals in and by municipalities are governmental functions and not proprietary or corporate functions. *Hamilton v. Hamlet*, 238 N.C. 741, 78 S.E. 2d 770. Therefore, the judgment sustaining Town's demurrers is

Affirmed.

BROCK and MORRIS, JJ., concur.