SUZANNA SULLIVAN, b/n/f, Appellant,

*v.*

ROBERT D. HERBERT et al., Appellees.

MARGE SULLIVAN, Appellant,

*v.*

ROBERT D. HERBERT et al., Appellees.

PETER SULLIVAN, Appellant,

*v.*

ROBERT D. HERBERT et al., Appellees.

473 S.W.2d 453

(*Nashville,* December Term, 1970.)

Opinion filed September 7, 1971.

Petition on Rehearing November 15, 1971.

John K. Maddin, Jr., Gracey, Buck, Maddin, & Cowan, Nashville, for appellants.

Howard Bridges, Department of Law, Metropolitan Government, Nashville, for appellees.

Mr. Justice Humphreys delivered the opinion of the Court.

The Sullivans sued Robert D. Herbert and Metropolitan Government for damages growing out of an automobile accident at the intersection of Cantrell Avenue with Westmont Avenue in Davidson County, Tennessee. The trial judge sustained Metropolitan Government's demurrers, the Sullivans nonsuited Herbert, and appealed to this Court.

The declarations alleged that Marge Sullivan, with her minor child, Suzanna Sullivan, riding with her as a passenger, drove her automobile northward on Cantrell Avenue into the intersection of Cantrell Avenue with Westmont Avenue where it was struck by Herbert's automobile, which was going westward at the time on Westmont. It is alleged that vandals had removed a traffic sign requiring motorists entering into the Westmont intersection as the Sullivans did to stop before doing so. And that the absence of the sign made the intersection dangerous. The declarations charged that, under all the facts and circumstances Metropolitan Government was guilty of negligence and of committing a nuisance. This fault was spelled out in the declarations as follows:

"1. Plaintiff here and now adopts and incorporates by reference all allegations of the First Count hereof and, in addition thereto, alleges that Cantrell Avenue and

Westmont Avenue at all times mentioned herein were public highways within the corporate limits of the defendant Metropolitan Government and were on rights of way owned by said defendant in its proprietary capacity and it was the duty of said defendant to maintain said highways and the intersection of said highways in good repair and safe condition and to maintain adequate traffic signs at said intersection. Prior to August 29, 1969, said defendant had placed and maintained for many years a stop sign on the rights of way owned by it for said highways near the southeast corner of said intersection which displayed the word 'stop', facing to the south toward traffic on Cantrell Avenue approaching said intersection from the south, so as to warn such traffic to stop before entering said intersection. On August 29, 1969, said stop sign was removed and agents and officials of said defendant were given notice that said stop sign had been removed.

"2. The defendant Metropolitan Government was negligent in that it failed to replace said stop sign after receiving notice that it had been removed and in that it allowed said intersection to be and remain in an extremely dangerous and defective condition without said stop sign.

"3. As a direct and proximate result of said negligence of the defendant Metropolitan Government, concurring with the negligence of the defendant Herbert as alleged in the First Count, plaintiff suffered the damages, injuries and losses set out in the First Count hereof, to which reference is here made." Tr. p. 4-5.

By amendment to the fifth count it is charged that the procedure for replacement of stop signs followed by

Metropolitan Government results in many days' delay between notice and replacement and that this amounts to negligence resulting in a dangerous and hazardous condition.

By another count, making the same allegations, it is charged that the failure to maintain the stop sign at this intersection constituted a nuisance.

■ The trial judge sustained Metropolitan Government's demurrer based on governmental immunity, and the Sullivans have appealed. While the trial court was likely correct under *Powell v. City of Nashville*, 167 Tenn. 334, 69 S.W.2d 894, we do not reach that question, because of a fatal defect in the declarations of which we must take notice: the failure to allege facts which if proved would show the absence of the stop sign to be the proximate cause of the collision.

Reduced to their essentials, that is to their facts, the declarations allege that for some time prior to the accident there had been a stop sign at the intersection but that on the day of the accident there was no stop sign at the intersection. Insofar as the Sullivans might be affected thereby these are all the facts alleged.

It is true that the declarations allege that Metropolitan Government was negligent in failing to replace the stop sign after notice of its removal; and thereby also committed a nuisance. And it is true the declarations allege that Metropolitan Government allowed the intersection to be and remain "in an extremely dangerous and defective condition without said stop sign." But it must be conceded that these allegations of negligence and nuisance and dangerous and defective condition are simply conclusions. And it must also be conceded that conclu-

sions of a pleader amount to nothing; not even being necessary to proper pleading. *Cotton Oil Co. v. Shamblin,* 101 Tenn. 263, 47 S.W. 496; *Cumberland Etc. Co. v. Cook,* 103 Tenn. 730, 55 S.W. 152. In History of a Lawsuit, sec. 108, the rule is stated, "A declaration must allege facts and not more conclusions. . . . A defendant cannot meet mere conclusions with proof, and he is entitled to know the facts alleged against him in advance of the trial".

Specifically, absent from the declarations are allegations of the particular facts which *show* that this street intersection was made dangerous and hazardous by the absence of the stop sign. The conclusion of the pleader that this was the case is not enough.

We have noticed the shortcomings in the averments of the declarations, without specification of errors by Metropolitan Government, and have tested the averments severely, because we think any rule we might adopt extending a municipality's governmental immunity beyond its present boundaries, see *Powell v. City of Nashville,* supra, must include a statement by us of the particular condition of the intersection on which such liability might possibly be predicated.

■ With respect to this proposed municipal tort liability in intersection cases, in consideration of the general validity of the doctrine of governmental immunity, and in consideration of the heavy duty imposed by law on motorists at intersections, laws which both obligate and protect the motorist and serve to make intersection crossing safe, if this Court is to hold the failure to maintain a traffic stop sign at an intersection is actionable negligence, (nuisance as a basis of action is excluded

entirely by *Powell v. City of Nashville,* supra), it must be upon a case showing that the intersection is, in fact, virtually a trap, and as such, a causative factor in the accident. See *Walker v. Williams,* 215 Tenn. 195, 384 S.W.2d 447, for definition of a trap.

Such a requirement would not be harsh in view of the present general rule against liability. And this manner of stating what we would require gives the fact trier something more concrete than the ordinary, more or less nebulous proximately causal negligence rule by which to measure liability.

When the Superior New Jersey Court was called upon to review its previous holding that its municipal corporations were immune from tort liability for injuries due to traffic signal maintenance and operation, *Vickers v. Camden,* 122 N.J.L. 14, 3 A.2d 613, it indicated that it was willing to hold local governments responsible ''for failure to properly maintain and operate a traffic control device'', where, ''a municipality had notice of the malfunction or a sufficient time had elapsed so that it could be chargeable therewith and that the resulting situation was a realistically causative factor in the occurrence giving rise to the asserted cause of action.'' *Hoy v. Capelli,* 48 N.J. 81, 222 A.2d 649, 651.

''Realistically causative factor'' is some stronger than ordinary proximate cause, but not strong enough to make it clear to a jury just what is required. We think the word ''trap'' will make this clear.

CRESON, JUSTICE, would affirm the judgment of the trial court on the authority of *Powell v. Nashville, et al.,* 167 Tenn. 334, 69 S.W.2d 894, and *Gainesboro v. Gore,* 131 Tenn. 35, 173 S.W. 442.

The assignments of error are overruled and the judgment of the trial court is affirmed.

Dyer, Chief Justice, Creson and McCanless, Justices, and Jenkins, Special Justice, concur.

### Opinion on Petition to Rehear

Mr. Justice Humphreys.

In our opinion in this case handed down on September 7, 1971, we dismissed plaintiffs' suit on inadequacies found in their declaration, which we recognized without assignment of error; being of opinion these were fatal to plaintiffs' cause of action. Plaintiffs have filed a petition for rehearing pointing out that justice requires, and T.C.A. sec. 27-329 permits, remand under these circumstances. We agree, and it is ordered on the petition to rehear that the case be remanded to the trial court for further proceedings consistent with our opinion.

Dyer, Chief Justice, Creson and McCanless, Justice, and Jenkins, Special Justice, concur.