IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 6, 2018 Session

## JENNIE ROLES-WALTER, ET AL. v. ROBERTA W. KIDD, ET AL.

**Appeal from the Circuit Court for Lincoln County
No. 17CV-6  Franklin L. Russell, Judge**

_____

### No. M2017-01417-COA-R3-CV

_____

This is a property damage case. Appellants assert that their property is being damaged by the defective gutter systems of adjacent buildings, which are owned by Appellees. The trial court granted Appellees' Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss Appellants' complaint, finding that Appellants' claim was barred by the three-year statute of limitations applicable to claims for property damage. Tenn. Code Ann. §28-3-105. Appellants contend that their complaint sounds in nuisance, specifically temporary nuisance, and not in negligence. Accordingly, Appellants argue that the statute of limitations renews with each rain. While we agree with the trial court that Appellants' claim is one for negligence and not for nuisance, we conclude that the trial court erred in dismissing the complaint as time-barred. Applying the discovery rule and giving Appellants all reasonable inferences based on the averments in their complaint, we conclude that Appellants have pled facts sufficient to survive the motions to dismiss.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed in Part; Reversed in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Russell L. Leonard, Winchester, Tennessee, for the appellants, Jennie Roles-Walter, and Cameron Walter.

John D. Kitch, Nashville, Tennessee, for the appellee, Roberta W. Kidd.

C. Michael Becker, Nashville, Tennessee, for the appellees, Van Massey, and Melissa Massey.

# OPINION

## I. Background

In July of 2012, Jennie Roles-Walter and Cameron Walter (together, "Appellants") purchased commercial property located on Main Street in Fayetteville, Tennessee. Roberta W. Kidd and Van and Melissa Massey (the "Masseys," and together with Ms. Kidd, "Appellees") own separate commercial buildings adjacent to the Appellants' property. According to the Appellants' complaint, which was filed on November 1, 2016:

7. On or around the end of December 2012, and with the first heavy rains, [Appellants] began to have issues with rain water from the adjacent alleyway flooding their building. This flooding interfered with [Appellants'] business venture for which they had purchased the property.

8. [Appellants] have expended monies in the amount of approximately nineteen thousand five hundred dollars ($19,500.00) to date in efforts to repair the damage done to their property by the water seeping through [the] exterior wall on the alley side of the building, as well as to stop the water from entering the building and flooding their floor.

9. Upon examination by [Appellants], and subsequently by professionals in this area of construction diagnostics, it became clear that water from the buildings owned by the individual [Appellees] and located adjacent to [Appellants'] building on the other side of the narrow alley coming off the roofs of said buildings, was the root cause of [Appellants'] destructive water issues. . . .

10. [Appellants] aver that the gutter systems of the individual [Appellees'] structures are antiquated, dilapidated and otherwise unable and insufficient to handle the amount of water leaving the roofs, thereby flooding the alleyway and causing the brick and mortar of [Appellants'] wall facing the alley to become saturated, causing the flooding of [Appellants'] building.

11. [Appellants] further aver that this flooding resulting from the water leaving the individual [Appellees'] buildings is eroding the masonry structure of [their] building's wall and causing black mold issues.

12. [Appellants] aver that these individual [Appellees] have been approached on numerous occasions and . . . have failed and/or refused to take any responsibility for the damage being suffered by [Appellants], and/or [to] take any actions intended to remedy the water issues.

***

16.    Additionally, [Appellants] have been advised by Grau General Contracting, LLC, that the building immediately adjacent to [Appellants'] building owned by the [Masseys] has been damaged by water such that the structural integrity has likely been compromised.  This will need to be addressed in conjunction with, if not before any serious remedial measures to address the water issues are undertaken.

17.  [Appellants] aver that the intentional and/or negligent failure of all the named [Appellees] to take those actions necessary to prevent further and continued water damage to [Appellants'] structure has resulted in [Appellants'] loss of business in the dollar amount of approximately twelve thousand dollars ($12,000.00) to date.[1]

As exhibits to their complaint, Appellants attached two letters.  The first letter, dated February 12, 2016, is addressed to the Mayor of Fayetteville from Sadler & Associates Consulting Engineers.  In relevant part, Sadler & Associates opined that the water damage to Appellants' property was caused, at least in part, by undersized, antiquated, and/or damaged gutters and downspouts on buildings adjacent to Appellants' building. The second letter, dated May 6, 2016, is addressed to Ms. Roles-Walter from Grau General Contracting, LLC.  Like Sadler & Associates, Grau General Contracting also opined that the water damage to the Appellants' building was caused, in part, by non-functioning gutter systems on the adjacent buildings.

In addition to the foregoing averments, the complaint also purports to state a claim for emotional distress, to-wit:

20.  [Appellants] additionally sue the named [Appellees], both jointly and severally, for a like amount for causing the severe mental and emotional stress suffered by [Appellant] Jennie Roles-Walter as a result of their failure to take the actions necessary to cause a cessation of the damages being caused to the [Appellants'] building.

On January 20, 2017, the Masseys filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss the complaint on the ground that Appellants' lawsuit was barred by the applicable statute of limitations.  In their memorandum of law in support of the motion to dismiss, the Masseys argue that Appellants' cause of action is for "damage to their personal property and/or real property."  As such, the Masseys contend that

---

[1] Appellants' complaint also named the City of Fayetteville as a defendant.  By agreed order of May 3, 2017, Appellants' dismissed the City of Fayetteville.

Appellants' lawsuit is governed by the statute of limitations set out at Tennessee Code Annotated Section 28-3-105(1), which provides that "[a]ctions for injuries to personal or real property" "shall be commenced within three (3) years from the accruing of the cause of action." To support their argument that Appellants' lawsuit is time-barred, the Masseys cited paragraph 7 of the complaint, *supra*, wherein Appellants aver that as of "December 2012, and with the first heavy rains, [Appellants] began to have issues with rain water . . . ." Based on this statement, the Masseys contend that the Appellants' cause of action for property damage accrued in December of 2012, thus rendering their November 1, 2016 complaint untimely. On January 31, 2017, Ms. Kidd filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss the complaint, wherein she also argued that the Appellants' lawsuit was barred by the three-year statute of limitations applicable to claims for property damage.

On March 28, 2017, Appellants filed responses to the Appellees' respective motions to dismiss. Although Appellants do not use the term "nuisance" in their complaint, *see supra*, in their responses to the motions to dismiss, Appellants aver, for the first time, that

> [t]he nuisance created and maintained by [Appellees], as evidenced by the engineers' and contractors' letters produced by Sadler and Associates, Consulting Engineers, Inc., and Grau General Contracting, LLC, is temporary and continuous in character, and the very continuation of the nuisance is a new actionable offense entitl[ing] [Appellants] to recover damages as a result of flooding accruing within the statutory period next preceding the suit, although more than the statutory period has elapsed since the creation of the nuisance.

The trial court heard the motions to dismiss on May 17, 2017. By order of June 13, 2017, the trial court granted Appellees' motions, finding that the complaint "was filed outside [] the applicable statute[] of limitations." Appellants appeal.

## II. Issues

Appellants raise two issues for review as stated in their brief:

1. The trial court erred in dismissing the Walters' cause of action for damage to their real property as being time barred by the three (3) year statute of limitations as set out in Tenn. Code Ann. § 28-3-105(1) as a result of [Appellants'] failure to employ the word "nuisance" in the body of their complaint . . . .

2. The trial court erred in dismissing [Appellant] Jennie Roles-Walter's personal injury count as being time-barred by TCA § 28-3-104.

- 4 -

## III.  Standard of Review

The resolution of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss is determined by an examination of the pleadings alone.  *Leggett v. Duke Energy Corp*., 308 S.W.3d 843, 851 (Tenn. 2010); *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).  A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but ... asserts that the allegations fail to establish a cause of action.'"  *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 516 (Tenn.2005)).

In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences."  *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med*., 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."  *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 429 (Tenn. 2011).

We further note that Tennessee Rule of Civil Procedure 12.02(6) motions are not designed to correct inartfully drafted pleadings.  *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App.1992). However, a complaint should not be dismissed, no matter how inartfully drafted, if it states a cause of action.  *Id*. (citing *Paschall's, Inc. v. Dozier*, 219 Tenn. 45, 407 S.W.2d 150, 152 (Tenn. 1966); *Collier v. Slayden Bros. Ltd. Partnership*, 712 S.W.2d 106, 108 (Tenn. Ct. App. 1985)).  There is no duty on the part of the court to create a claim that the pleader does not spell out in his or her complaint.  *Utter v. Sherrod*, 132 S.W.3d 344 (Tenn. Ct. App. 2003), *perm. app. denied* (Tenn. March 8, 2004). But while we should not endeavor to create claims where none exist, we must always look to the substance of the pleading rather than to its form.  *Dobbs*, 846 S.W.2d at 273 (citing *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977); *Usrey v. Lewis*, 553 S.W.2d 612, 614 (Tenn. Ct. App. 1977)).

## IV.  Analysis

In order to determine whether the Appellants' lawsuit is time-barred, we must first determine what, if any, cause(s) of action Appellants state in their complaint.  As noted above, the complaint does not use the term "nuisance;" however, beginning in their responses to the Appellees' motions to dismiss, Appellants have maintained that they are proceeding on a theory of temporary nuisance.  A temporary nuisance is defined as one

that "can be corrected by the expenditure of labor or money." ***Pate v. City of Martin***, 614 S.W.2d 46, 48 (Tenn. 1981). When a nuisance is temporary and continuous, the continuation is a new offense entitling a plaintiff to recover damages occurring within the limitations period, even though the nuisance has existed longer than the limitations period. ***Kind v. Johnson City***, 478 S.W.2d 63, 66 (Tenn. Ct. App.1970). Although the trial court's order does not specifically state that the case is one for negligence, from the trial court's application of the statute of limitations, we can reasonably infer that the trial court found that the complaint sounded in negligence and not in nuisance. This inference is bolstered by the trial court's oral statements during the hearing on the motions to dismiss. Specifically, the trial court stated that "as to . . . nuisance, I just don't see that there [are] sufficient facts pled in the complaint for any claim of nuisance."[2]

The distinction between nuisance and negligence claims is not always clear. However, in ***Weakley County v. W. L. Carney***, 14 Tenn. App. 688, 1932 WL 1295, *3-*4 (Tenn. Ct. App. March 31, 1932), *perm. app. denied* (Tenn. July 23, 1932), this Court explained:

> A nuisance may exist either with or without negligence. As a general rule, negligence is not involved in nuisance actions or proceedings, and is not essential to the cause of action. If a particular use of property causes a nuisance this fact is sufficient to entitle a person injured thereby to relief. If a nuisance exists, the fact that due care was exercised and due precautions were taken against the annoyance or injury complained of is no excuse. 46 Corpus Juris, 663.

> Negligence is the want of ordinary care. The failure to exercise ordinary care, the first element of actionable negligence, is a lack of care.

> The distinction between "nuisance" and "negligence" has been stated as follows:

>> When defendant is the creator of a dangerous situation, his liability therefor is for a nuisance; but when defendant did not create a dangerous situation but is nevertheless under a duty to remove the danger, failure to do so involves a question of negligence. Another statement of the distinction is

---

[2] Usually, "[w]e do not review the court's oral statements, unless incorporated in a decree[; rather, we] review the court's order and judgments for that is how a Court speaks." ***Steppach v. Thomas***, 346 S.W.3d 488, 522 (Tenn. Ct. App. 2011) (quoting ***Shelby v. Shelby***, 696 S.W.2d 360, 361 (Tenn. Ct. App. 1985)). Although the trial court's oral statements are not incorporated into its order, we cite the court's statements only insofar as these statements provide further support for the reasonable inference we draw from the trial court's application of the statute of limitations as the sole ground for dismissal, i.e., we infer that the trial court found the complaint stated a claim for negligence and not nuisance.

that, where the damage is the necessary consequence of just what defendant is doing, or is incident to the business itself or the manner in which it is conducted, the law of negligence has no application and the law of nuisance applies. It has also been said that the distinction lies in the fact that the creation or maintenance of a nuisance is the violation of an absolute duty, the doing of an act which is wrongful in itself, whereas negligence is the violation of a relative duty, the failure to use the degree of care required under the particular circumstances in connection with an act or omission which is not of itself wrongful. 45 Corpus Juris, 634.

*Id*. In *Powell v. City of Nashville, et al.*, 69 S.W.2d 894 (Tenn. 1934), the Tennessee Supreme Court clarified the subtle distinction between nuisance and negligence. In that case, plaintiff's decedent was killed in a car accident at the intersection of Second Avenue and Monroe Street in Nashville. *Powell*, 69 S.W. at 894. As it turned from Second Avenue onto Monroe Street, the car, in which decedent was riding, did not stop and was struck by a vehicle traveling on Monroe Avenue. *Id*. Plaintiff alleged that

Monroe was a thoroughfare, and that, although the city traffic ordinance required that a stop sign be maintained on Second Avenue, at the intersection, to warn drivers entering Monroe from Second Avenue, no such sign was there, or had been for a long time, so maintained.

*Id*. The City filed a motion to dismiss, asserting that the plaintiff's claim sounded in negligence, and asking the court to dismiss the case on the ground that the City, in its governmental capacity, was not liable for negligent acts committed by its employees in the scope of their employment. *Id*. Plaintiff contested the motion to dismiss, arguing that the City was liable for decedent's death: (1) "because it had failed to observe its own ordinance and use reasonable care to see that its streets were kept and maintained in a reasonably safe condition;" and (2) "that a nuisance was created by the City in failing to mark Monroe Street as a thoroughfare, for which [the City] cannot escape liability by invoking the exemption applicable to municipalities while acting in a governmental capacity." *Id*. In affirming the trial court's dismissal of plaintiff's lawsuit, the Court addressed the two grounds asserted in plaintiff's response to the City's motion to dismiss, to-wit:

Quite apparently the draftsman of the [complaint] had in mind the first of these theories[, i.e., that the City was liable because it allegedly failed to observe its own ordinance and use reasonable care to see that its streets were kept and maintained in a reasonably safe condition], rather than that of nuisance. This term[, i.e., "nuisance"] appears for the first time in the brief. But, conceding that this point is pleaded, we think that a case of

- 7 -

nuisance is not made out. The distinction must be preserved "between negligence, an omission of duty, and a nuisance, or active wrong." ***Vance v. Shelby County***, 152 Tenn. 146, 273 S.W. 557, 558. In his opinion in the recent case of ***Burnett v. Rudd***, 165 Tenn. 238, 54 S.W.(2d) 718 . . . Mr. Justice McKinney discusses fully this distinction and reviews our cases and text-book authorities. . . . This line of cases is relied on by counsel for plaintiff here. But, said the court in each of these cases, "the City committed some affirmative act that constituted nuisance, which is not true in the instant case. Counsel fail to distinguish between a condition produced by an affirmative action of the City, and the negligent acts of its employees resulting in injury to a citizen."

This language is applicable here, except that here there was no "negligent act," but a negligent omission or failure to act only. . . . Here, as was said in ***Fryar v. Hamilton County***, 160 Tenn. 216, 22 S.W.(2d) 353, another recent nuisance case, "at most the [complaint] charges an omission of duty, or act of nonfeasance."

***Powell***, 69 S.W.2d at 894-95.

As set out in context above, Appellants complaint alleges that Appellees "have failed and/or refused to take any responsibility for the damage being suffered by [Appellants]." In short, Appellants have averred that Appellees are guilty of a "negligent omission or failure to act only." ***Powel.***, 69 S.W2d at 895 (citations omitted). Accordingly, "at most the [complaint] charges an omission of duty, or act of nonfeasance." *Id*. (citations omitted). A breach or omission of duty is the stuff of negligence. Therefore, we conclude that the Appellants' complaint for property damage sounds in negligence, not nuisance.

Because Appellants' complaint sounds in negligence, and not in nuisance, Tennessee does not recognize a cause of action for emotional injuries for claims arising solely out of property damage in the absence of a showing of fraud, malice, or like motive. ***Lane v. Estate of Leggett***, No. M2016-00448-COA-R3-CV, 2017 WL 1176982 (Tenn. Ct. App. March 29, 2017) (citing ***Whaley v. Perkins***, 197 S.W.3d 665, 670 (Tenn. 2006)). Appellants' complaint does not aver fraud, malice, or other such intentional act on the part of Appellees. Rather, as discussed above, Appellants' complaint, at most, alleges that Appellees have breached a duty. Accordingly, we affirm the trial court's dismissal of Appellants' emotional distress claim.

## V. Statute of Limitations

Having determined that Appellants' complaint for property damage sounds in negligence, and not in nuisance, the claim is subject to the three-year statute of

limitations set out at Tennessee Code Annotated Section 28-3-105. However, Tennessee recognizes the "discovery rule," the application of which may operate to delay the commencement of the running of the statute of limitations. Under the discovery rule,

> the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant. It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial. Such knowledge includes not only an awareness of the injury, but also the tortious origin or wrongful nature of that injury.

*Shadrick v. Coker*, 963 S.W.2d 726, 733-34 (Tenn. 1998) (citations and internal quotations omitted). In applying the three-year statute of limitations to bar Appellants' complaint, it is clear, from our review, that the trial court relied on Appellants' averment in paragraph 7 of the complaint, wherein Appellants state that, "[o]n or around the end of December 2012, and with the first heavy rains, [Appellants] began to have issues with rain water from the adjacent alleyway flooding their building." Although we concede that paragraph 7 indicates that the Appellants knew, as of December of 2012, that they had a problem with water coming into their building, it is not clear, from this averment, whether Appellants knew the "tortious origin" of their damages at that time. In other words, under the discovery rule, Appellants' cause of action did not necessarily accrue at the moment they knew they had sustained injury, i.e., when they knew water was damaging their property on or about December of 2012. Rather, the statute of limitations began to run when the Appellees knew, or in the exercise of reasonable care and diligence should have known, "that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Shadrick*, 963 S.W.2d at 734. While paragraph 7 of the complaint confirms that Appellants knew they had property damage as of December of 2012, we cannot infer that Appellants knew the source of their damage until sometime later. When questioned, at oral argument before this Court, concerning the accrual date of Appellants' negligence action, Ms. Kidd's attorney answered, in relevant part, as follows:

> Q. Looking at the complaint only, how do we determine when the claim accrued? I know you're looking at paragraph 7, which talks about when [Appellants] noticed what happened with the first heavy rain. Would the claim have accrued then[, i.e., December of 2012,] or would [accrual] have required some other [information] to [be ascertained] before the claim accrued?
>
> A. [Appellees] contend that [the negligence claim] accrued then[, i.e., December of 2012]. That, in fact, when [Appellants] realized that there was water flooding into their property that's when the claim accrued.

Q. But wouldn't you also have to know the manner and means by which the water was coming into the building and also who was responsible for that happening?

A. Well, Your Honor, you could have found that out during the intervening three years before the statute ran and brought your complaint before that.

Q. So, you're saying [Appellants] should have discovered it earlier?

A. Well, they discovered it when it occurred. The discovery would have been, in fact, learning who, allegedly was causing it . . . .

Q. Well, when did [Appellants] discover who caused it.

A. That is not stated in the complaint, Your Honor.

Q. Well, if that is not stated in the complaint, how does the trial court make a determination that the statute of limitations expired before [Appellants] filed the lawsuit, looking at the complaint only?

A. Well, Your Honor, all I can say is, looking at the complaint only, [Appellants] say themselves, in paragraph seven, they realized they had a water damage problem [in December of 2012]?

While we concede that the date on which Appellants discovered the source of the water damage is not stated in the complaint, in paragraph 9 of the complaint, Appellants state that "[u]pon examination by [Appellants], and subsequently by professionals in this area of construction diagnostics, it became clear that water from the buildings owned by the [Appellees] . . . was the root cause of [Appellants] destructive water issues." Although we cannot say, definitively, when Appellants discovered that the damage was allegedly caused by Appellees, from paragraph 9 and the opinion letters from Sadler & Associates and Grau General Contracting, which were attached as exhibits to the complaint, we can reasonably infer that Appellants' cause of action accrued sometime later than December of 2012. Although we do not speculate as to when, exactly, Appellants knew (or should have known) the information necessary to commence the running of the statute of limitations, we cannot conclude, based on the complaint, that the accrual date was December of 2012. Accordingly, we reverse the trial court's grant of Appellees' motion to dismiss as to the property damage claim. Our holding does not preclude the trial court from allowing the parties to conduct discovery, on remand, concerning the accrual date of the action.

- 10 -

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Appellants' cause of action for emotional distress. We reverse the trial court dismissal of Appellants' claim for property damage. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-third to the Appellants, Jennie Roles-Walter and Cameron Walter, and their surety; one-third to Appellee, Roberta Kidd; and one-third to Appellees, Van Massey and Melissa Massey, for all of which execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE